SOLOMON L. PAKAS, Appellant, v. WILLIAM R. HOLLINGSHEAD et al., Respondents.

SALES — FAILURE TO DELIVER INSTALLMENTS AS AGREED, A BREACH OF ENTIRE CONTRACT — DAMAGES RECOVERABLE IN ONE, NOT SUCCESSIVE ACTIONS. Where the vendor of goods to be delivered and paid for in installments, refuses to deliver an installment, a breach of the entire contract is thereby established for which the vendee if he so elects may immediately recover all his damages; or he may wait until the expiration of the time for the delivery of all the goods and then recover; he cannot, however, split up his demand and maintain successive actions to recover

for each default as it occurs; and when he obtains a judgment for damages for the non-delivery of part of the goods, it is a bar to the maintenance of a subsequent action to recover for the failure to deliver the balance.

*Pakas* v. *Hollingshead*, 99 App. Div. 472, affirmed.

(Argued January 26, 1906; decided March 6, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 3, 1905, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph Fischer* and *Louis J. Vorhaus* for appellant. The judgment in the City Court action is not a bar to the cause of action set forth in the complaint herein. (*Richmond* v. *D. & S. C. R. R. Co.*, 33 Iowa, 422 ; *Mixer* v. *Williams*, 17 Vt. 457 ; *Johnson* v. *Allen*, 78 Ala. 387 ; *Simpson* v. *Crippin*, L. R. [8 Q. B.] 14 ; *Freeth* v. *Burr*, L. R. [9 C. P.] 208 ; *M., etc., K. Co.* v. *Naylor*, L. R. [9 App. Cas.] 434 ; *Blackburn* v. *Reilly*, 47 N. J. L. 290 ; *Cohen* v. *Platt*, 69 N. Y. 348 ; *Nichols* v. *S. S. Co.*, 137 N. Y. 471 ; *Wharton* v. *Winch*, 140 N. Y. 287.)

*Edmond E. Wise* for respondents. The judgment in the action in the City Court, which awarded damages to the plaintiff for breach of contract, is a complete bar to this action. (*A. S. Co.* v. *Robinson*, 167 N. Y. 101 ; *Secor* v. *Sturgis*, 16 N. Y. 557 ; *Samuel* v. *F. & C. Co.*, 76 Hun, 308 ; 150 N. Y. 583 ; *Perry* v. *Dickerson*, 85 N. Y. 345 ; *Seed* v. *Johnston*, 63 App. Div. 347 ; *Howard* v. *Daly*, 61 N. Y. 362 ; *Parry* v. *A. O. Co.*, 19 Abb. [N. C.] 269 ; *Waldron* v. *Hendrickson*, 40 App. Div. 7 ; *Wieland* v. *Willcox*, 40 App. Div. 213 ; *Bassett* v. *French*, 1 Benj. Ann. Cas. 270.)

O'BRIEN, J. On the 30th of August, 1898, the defendants, by an executory contract in writing, agreed to sell and deliver to the plaintiff fifty thousand pairs of bicycle pedals, the goods

to be delivered and paid for in installments, as specified in the contract. It has been found by the trial court that the defendants delivered two thousand six hundred and eight pairs of pedals under the contract, and refused to make further deliveries. When the fact is established that the seller of goods to be delivered and paid for in installments, as in this case, refuses to deliver the goods, that amounts to a repudiation of the contract and a breach of it, for which the buyer may recover damages. So we start in this case with a breach of a contract on the part of the defendants by their refusal to be bound by its obligations.

It is found that on the 15th of March, 1899, the plaintiff commenced an action against the defendants in the City Court of New York for breach of this contract, in that they failed to deliver to the plaintiff the pedals which, by the terms of the agreement, the defendants were bound to deliver up to the first of March, 1899, to wit, nineteen thousand pair, of which the defendants had delivered only, the two thousand six hundred and eight pairs, and had failed to deliver sixteen thousand eight hundred and ninety-two pairs, which were to be delivered up to the first of March, 1899. This action was put at issue, and after a trial the plaintiff recovered judgment against the defendants for the full amount claimed in the complaint in the action as damages for the breach of the contract, which judgment has been paid by the defendants in full.

Subsequently and in February, 1900, the plaintiff commenced the present action to recover damages for a failure to deliver the balance of the goods, and both parties have pleaded the former suit and judgment. The plaintiff claims that it is conclusive evidence in his favor with respect to the existence, validity, terms and breach of the contract, while the defendants interpose it as a bar to the present action. This situation presents the question of law involved in the case. Judgment was given at the trial court in favor of the defendants and this judgment was affirmed on appeal. The question of law arising upon these facts is whether the former judgment concludes the plaintiff and is a bar to a

second action to recover damages on the same contract. There can be no doubt that the contract was entire. It could not be performed on the part of the defendants without delivery of the property stipulated in the contract and the whole of it. As was said by Judge BRADLEY in *Brock* v. ·*Knower* (37 Hun, 609), the fact that the .property was deliverable and the purchase money payable at different times in the future did not necessarily deprive the contract of the character of entirety or make it other than a single one in respect to all the goods embraced in its terms. The learned counsel for the plaintiff contends that the former judgment did not constitute a bar to the present action, but that the plaintiff had the right to elect to waive or disregard the breach, keep the contract in force and maintain successive actions for damages from time to time as the installments of goods were to be delivered, however numerous these actions might be. It is said that this contention is supported in reason and justice, and has the sanction of authority at least in other jurisdictions.

We do not think that the contention can be maintained. There is not, as it seems to us, any judicial authority in this state that gives it any substantial support. On the contrary, we think that the cases, so far as we have been able to examine them, are all the other way, and are to the effect that inasmuch as there was a total breach of the contract by the defendants' refusal to deliver, the plaintiff cannot split up his demand and maintain successive actions, but must either recover all his damages in the first suit or wait until the contract matured or the time for the delivery of all the goods had arrived. In other words, there can be but one action for damages for a total breach of an entire contract to deliver goods, and the fact that they were to be delivered in installments from time to time does not change the general rule.

This question arose in this state at an early day. In *Miller* v. *Covert* (1 Wend. 487) it was held that where a party brings an action for a *part* only of an entire and indivisible demand and obtains judgment in such action he cannot subsequently

avail himself of the *residue* by way of offset in an action against him by the opposite party.

It was held in the case of *Bendernagle* v. *Cocks* (19 Wend. 207) that where a party had *several demands or existing causes of action* growing out of the *same contract* or resting in *matter of account* which *may* be joined and sued for in the same action they *must* be joined; and if the demands or causes of action be split up and a suit brought for *part* only and subsequently a second suit for the *residue* is brought, the first action may be pleaded in abatement or in bar of the second action. That, it seems to us, is what has been decided in this case. The case referred to was elaborately discussed by Judge COWEN, and the English authorities on the subject cited and distinguished.

*Colburn* v. *Woodworth* (31 Barb. 381) was an action by an employee to recover *wages* under a contract to work for the plaintiff for three years from August 1st, 1857, payable quarterly, and damages for a breach of the contract by the defendant in discharging the plaintiff from his employment on the 26th day of December, 1857, without cause. The defendant pleaded and proved that in January, 1858, after the plaintiff was discharged, he commenced an action against the defendant, and in his complaint claimed one quarter's wages and damages for the wrongful discharge. The cause was referred and the referee reported in favor of the plaintiff for one quarter's wages, and the plaintiff had judgment on the report. Subsequently, the plaintiff brought another action for wages and damages, but the trial court held that the former judgment was a bar and granted a nonsuit. Judge JOHNSON, in delivering the opinion of the court, said: " There can be no doubt that the cause of action here alleged is in its nature indivisible. All the damages which the plaintiff could, under any circumstances, recover, were such as flow directly and necessarily from the breach, which is the sole cause of action. The contract is not in the nature of a continuing covenant, like a covenant running with land. It is idle to suppose that when such a contract has been once put an end to by one

party entirely, though without sufficient cause, and the other party has brought his action for the damage occasioned by such breach and had the judgment of the court upon his claim, the contract still remains in force so as to entitle such other party to the compensation provided for in case of its performance. When the action is brought to recover damages for a breach of that character it is necessarily an election on the part of the party presenting it to consider the contract at an end, so far, at least, as performance on his part is concerned. The action operates as a rescission by him as to further performance. If the party thus situated brings his action before the entire measure of damages has been filled or before the damages have all become known so as to be susceptible of proof it is his folly or misfortune. He cannot sever them and recover in one action and the residue, when discovered, in another." (*Schell* v. *Plumb*, 55 N. Y. 592.)

The English cases point to but two alternative remedies open to the buyer upon a breach of contract for the sale of goods to be delivered in installments. One is to sue upon repudiation for a total breach before the time for performance has arrived and the other is to await the time for full performance and then sue for the damages. No suggestion is to be found in any of the cases that I have observed, to the effect that the buyer had an option to bring successive actions as the time for the delivery of each installment matures. It is said in many of the cases that the injured party had an option, but that option was not to bring several successive actions, but to elect whether, upon a breach, he shall proceed to recover all his damages or to await the time for full performance. The cases in the English courts on this question are very numerous, but they were all reviewed and the rule approved and followed in the case of *Roehm* v. *Horst* (178 U. S. 1), where it was held that the English rule was reasonable and just.

We are unable to see how the contention of the learned counsel for the plaintiff can be reconciled with the case of *Samuel* v. *Fidelity & Casualty Co.* (76 Hun, 308, which was

affirmed in this court on the opinion below, 150 N. Y. 583). Other cases in this court seem to us to be entirely adverse to the plaintiff's contention. (*Howard* v. *Daly*, 61 N. Y. 362; *Nichols* v. *Scranton Steel Co.*, 137 N. Y. 471.) The cases bearing upon this question have been very fully collated in 2 Black on Judgments (§ 734), where the rule is stated in these words: " When a demand or right of action is in its nature entire and indivisible it cannot be split up into several causes of action and made the basis of as many separate suits, but a recovery for one part will bar a subsequent action for the whole, the residue or another part. * * * If it appears that the first judgment involved the whole claim or extended to the whole subject-matter, and settled the entire defense to the whole series of notes or claims, and adjudicated the whole subject-matter of a defense equally relevant to and conclusive of the controversy between the parties, as well in respect of the claim or defense in judgment as in respect to other claims and defenses thereto, pertaining to the same transaction or subject-matter, then the first judgment operates as an estoppel as to the whole." (Ibid, § 751; *Bouchaud* v. *Dias*, 3 Denio, 238.)

It is elementary law that a former judgment is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. (*Cromwell* v. *County of Sac*, 94 U. S. 351.)

It was admitted upon the argument of this case, and is admitted upon the brief of plaintiff's counsel, that the plaintiff could have recovered all his damages for a breach of the whole contract in the first action. The only contention is that he was not obliged to do so but could maintain as many other actions as there were deliveries provided for in the contract in case of default. It does not seem to us that this proposition can be supported in reason or upon authority. The plaintiff claims in this action that the former judgment was conclusive as to him, that is, that it cuts off the defend-

ants from any defense which they might originally have made, and thus it is sought to make this case an exception to the general rule that estoppels must be mutual; that is, that in general if the judgment is binding on one party it is equally binding in its effect upon the other. I think it would not be wise to engraft such a distinction upon the law of this state as was said in the case of *Sykes* v. *Gerber* (98 Pa. St. 179): " The law does not tolerate a second judgment for the same thing between the same parties, whether the claim is upon a contract or tort. * * * The general rule is that it is against the policy of the law to permit a plaintiff to prosecute in a second action for what was included in and might have been recovered in the first, because it would harass the defendant and expose him to double costs." (*Guernsey* v. *Carver*, 8 Wend. 492.)

We think the judgment below was right and should be affirmed, with costs.

CULLEN, Ch. J. (dissenting). I dissent from the decision about to be made. I concede to the fullest extent the principle that the plaintiff cannot split up a single cause of action, and that if he does a recovery on any part of the cause of action bars a suit for the remainder. I also concede the principle that in an executory contract for the sale of a number of articles or of a quantity of material, to be delivered in installments and payment made therefor as delivered, in the case of a breach by either party as to one of the installments the other party may elect to treat the default as a complete breach of the contract, and maintain a suit for all his damages. I further concede that where there have been several breaches of a single contract the plaintiff must include in his action all breaches which have occurred prior to the commencement of the action. But I insist that none of these principles controls the question before us, which is not whether the plaintiff upon the default in the delivery of the first installment of pedals could rescind the contract as having been abrogated by the act of the defendant, reserving his right to recover damages, but whether he was obliged to adopt

that course.   Had he not as the aggrieved party the option to treat the contract as still continuing in force and, therefore, assert his right to recover damages for each default as it might occur?   There can be no question that there may be a continuous agreement or covenant for every breach of which a new cause of action arises.   Such is a covenant to maintain and repair a gate across a right of way.   (*Beach* v. *Crain*, 2 N. Y. 86.)   There it was held that a recovery for one breach did not bar an action on a subsequent breach, and it was said that the defendants could not relieve themselves from subsequent obligations by payment of a gross sum as damages.   There are many cases of a similar character. Where the obligation is for the payment of money in installments the obligee has not, on default in the payment of one installment, even a right to elect to treat the contract as entirely broken, but must sue for the installments as they become due, unless the contract gives him the right of election.   Where such an election is given by the contract, as is now quite common in the case of bonds and mortgages, the obligee is not bound to exercise it, but may do as he pleases. Therefore, to hold that the aggrieved party to a contract of the character of the one before us is not bound to accept a single breach of the contract as a total repudiation of its obligations, but can sue for each breach as it occurs, creates no anomaly in the law, and I can find no case where it has directly been held that he cannot.   As I read them, in none of the cases cited by my brother O'BRIEN, except those relating to contracts of employment, was the question before us involved.   They all present the question as to the right of an aggrieved party on a single breach to recover as for a total abrogation of the contract, not the question whether he is obliged so to do.   In fact, in most of the cases it is said that the aggrieved party may elect to treat the contract as abrogated.   An election necessarily imports a right of choice.   The question not being settled by authority should be determined on principle.   Why should it be within the power of a party to a contract which may last over a long

term of years, and the items or obligations of which are easily severable, to transmute by his own wrong his contract obligations into an unliquidated claim of damages against him, damages which as far as the future obligations of his contract are concerned are necessarily speculative. A person being about to contract for the construction of some work the execution of which will require a long period of time needs, to carry out the contract, brick, stone or steel, and to secure himself against subsequent fluctuations in the market price of these articles, which he may believe will be greatly enhanced in price in the future, contracts with a materialman for their delivery in installments. It is by no means improbable that he has paid more than the present market price solely by reason of the uncertainty of the market price in the future. Under the decision about to be made he must either sue at the time of the first breach, when his damages will necessarily be speculative, a speculation it was the very object of the contract to avoid, or perhaps wait till the time for the last delivery has passed, when it may be that under the doctrine now declared his cause of action would be barred by the Statute of Limitations. As was said by Judge ANDREWS in *Perry* v. *Dickerson* (85 N. Y. 345): "The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each. * * * There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a *single breach* of a contract * * * But it is not a test of the right of a plaintiff to maintain separate actions that all the claims might have been prosecuted in a single action. A plaintiff having separate demands against a defendant on a contract, or arising from distinct trespasses or wrongs, is not required to combine them in one action, although in most cases he may do so at his election." So it was held that a demand for unpaid wages and for wrongful dismissal, though both breaches of the same contract, did not constitute a single cause of action and that a judgment for damages for wrong-

ful dismissal did not bar a claim for unpaid wages. Nor is our decision in *Nichols* v. *Scranton Steel Company* (137 N. Y. 471) controlling. It was there said: "If it were not for a repudiation of the contract nothing could be recovered as damages for the iron not delivered, because by the terms of the contract such delivery and payment would not be due, but when the defendant does repudiate the contract and refuses on its part to fulfill its terms, it cannot be heard to say that the other party must himself be bound by it, and must await the expiration of the term of credit provided for by it before any action can be maintained under it." This is doubtless true. It does not lie in the mouth of the defaulting party to say that the contract is still in force; but how about the aggrieved party? May he not say the contract is still in force? Of course, where a party sues for damages for only a single breach of a contract, he elects to continue it in force. Therefore, he must live up to the future obligations of the contract and cannot justify a subsequent breach on his part by the previous breach on the part of the other party. But whether the contract shall be continued in force or shall be rescinded seems to me should be entirely within the election of the aggrieved party.

So in *Parker* v. *Russell* (133 Mass. 74), where the defendant had agreed to support the plaintiff during his natural life and refused to do so, it is said: "But if the breach has been such that the plaintiff has the right to treat the contract as absolutely and finally broken by the defendant, *and he elects to so treat it,* the damages are assessed as of a total breach of an entire contract." This statement is quoted with approval by the United States Supreme Court in *Pierce* v. *Tennessee Coal, etc., R. R. Co.* (173 U. S. 1.) Thus the right of election in the aggrieved party is recognized.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

GRAY, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur with O'BRIEN, J.; CULLEN, Ch. J., reads dissenting opinion.

Judgment affirmed.