(56 Misc. Rep. 689.)

### WELCH v. BUCHANS SOAP CORPORATION.

(Supreme Court, Appellate Term.   December 12, 1907.)

1. JUDGMENT—CAUSES OF ACTION—SPLITTING.

Though separate actions may be brought on claims arising out of the same contract at different times as each liability accrues, if no action is brought until more than one claim is due, all claims that are due must be included in one action, or the recovery will bar matured claims not joined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1118.]

2. SAME.

A written contract provided for the sale of 500 tierces of tallow, 100 deliverable during the last week in December, 1906, and 400 during the last week of January, 1907.   The 100 tierces having been delivered and paid for, defendant, on January 17, 1907, requested plaintiff to deliver 250 of the balance the latter part of January, 1907, and the remaining 150 tierces the latter part of February, which was agreed to; but, defendant refusing to accept the tallow when tendered, it was sold in March for defendant's account, and on April 19, 1907, plaintiff sued and recovered judgment for damages resulting from the resale of the 250 tierces, which was satisfied of record.   *Held*, that the change of deliveries did not substitute for the original contract two separate contracts for the delivery of 250 tierces in January and 150 tierces in February, but that the original contract remained in full force; and hence, plaintiff having failed to join his claim for damages resulting from the resale of the 150 tierces in his original action, the judgment therein was a bar to a subsequent suit therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1118.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Wilbur A. Welch against the Buchans Soap Corporation. From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Frank H. Richmond, for appellant.

Graham & L'Amoreaux (Ralph Polk Buell, of counsel), for respondent.

GILDERSLEEVE, P. J.   The action was tried on an agreed statement of facts, and the complaint was dismissed on the merits.   Plaintiff appeals.

On November 16, 1906, defendant contracted with plaintiff for the purchase by defendant from plaintiff of 500 tierces of tallow, 100 to be delivered in December and 400 in January.   The 100 tierces were taken and paid for.   On January 15, 1907, before the time set for the delivery of the 400 tierces, defendant sought to have a resale of the same for its account, and was informed by plaintiff on January 17, 1907, that owing to the condition of the market such a resale would result in a considerable loss to defendant, and this proposition was abandoned.   The original contract remained in force, except that a change was made as to the time of delivery, and it was agreed that 250 tierces should be delivered at the end of January and the remaining 150 tierces towards the end of February.   Thereafter the 250

tierces and the 150 tierces were duly offered to defendant and reject-ed by it.   They were thereafter, and on March 9, 1907, sold by plain-tiff for defendant's account, and the sale realized a sum considerably less than the price fixed in the contract between plaintiff and defend-ant.   Plaintiff on April 19, 1907, brought an action for the damages re-sulting from the resale of the 250 tierces, and recovered a judgment for the whole amount claimed, which judgment was paid and satisfied of record.    Plaintiff at the same time—i. e., April 19, 1907—brought the present action for the damages resulting from the resale of the 150 tierces.   The 250 tierces sued upon in the first action and the 150 tierces sued upon in this action were each part of the same contract between plaintiff and defendant.   The court held that the recovery and satisfaction of the judgment in the first action constituted a bar to the present action, and dismissed the complaint on the merits.

The general principle is that several claims already due under the same contract shall be deemed one entire demand or cause of action. Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448.   In order to avoid a multiplicity of actions, the law forbids that a cause of action shall be split up for the purpose of bringing several actions, and al-though, when several claims payable at different times arise out of the same contract or transaction, separate actions can be brought as such liability occurs, still, if no action is brought until more than one claim is due, all the claims that are due must be included in one action; and, if an action is brought when more than one claim is due, a recovery in that suit will be an effectual bar to a second action brought to recover the other claims that were due when the first action was brought.   Reformed Church v. Brown, 54 Barb. 191; Jex v. Jacobs, 19 Hun, 105; Samuel v. Fidelity Co., 76 Hun, 308, 27 N. Y. Supp. 741; Pakas v. Hollingshead, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601.   In the case at bar, as we have seen, the resale of the whole 400 tierces took place at one time, and occurred prior to the commencement both of the first action and the one at bar.

The plaintiff claims that the original contract of November 16th was merged and extinguished by novation, and that a separate con-tract was thereupon made by novation, whereby plaintiff agreed to de-liver and defendant agreed to take 150 tierces in the latter part of February, and that "the novation produced two distinct, several, sev-ered, separate contracts, one for the delivery of 250 tierces of tallow in January, and the other for the delivery of 150 tierces in February." The statement of facts does not sustain this contention.   The con-tract of November 16, 1906, is in writing, and sets forth the purchase by defendant from plaintiff of "500 tierces of tallow at 7⅝ cents, 100 tierces of the above to be delivered during the last week of December, 1906, 400 to be delivered during the last week of January, 1907." Thereafter, and on January 17, 1907, defendant's president proposed to plaintiff to deliver 250 of the 400 tierces in the latter part of Jan-uary, 1907, and the remaining 150 tierces in the latter part of Febru-ary, instead of delivering the entire lot of 400 tierces in the last week of January, 1907, as provided in said contract of November 16, 1906. This proposition was accepted by plaintiff in a letter dated January

18, 1907. There was no new, independent, or separate contract creat-ed by this agreement. Both the lot of 250 tierces and that of the 150 tierces had already been sold by plaintiff and bought by defendant by the contract of November 16, 1906. There was simply a modifica-tion of that contract of November 16th, by which modification the 400 tierces already bought by defendant were to be delivered in two in-stallments, instead of being all delivered at the same time, as originally contemplated by the said contract. As was said in the case of Pakas v. Hollingshead, 184 N. Y. 214, 77 N. E. 41, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601:

"The fact that the property was deliverable and the purchase money pay-able at different times in the future did not necessarily deprive the contract of the character of entirety, or make it other than a single one in respect to all the goods embraced in its terms; and there can be but one action for damages for the total breach of an entire contract to deliver goods, and the fact that they were to be delivered in installments from time to time does not change the general rule."

Plaintiff's own letters clearly indicate that plaintiff regarded the contract of November 16th as in full force some time after the time of the alleged rescission and novation, and as being the contract upon which plaintiff based his claim. It seems to us that the court below reached a correct conclusion in his disposition of this case, and that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.