(63 Misc. Rep. 568.)

### DE GRAFF & PALMER v. MAYPER et al.

(City Court of New York, Trial Term.    June, 1909.)

JUDGMENT (§ 615*)—RES JUDICATA—EXTINGUISHMENT BY ONE SATISFACTION.
    Where, under a contract to manufacture certain merchandise at an agreed price to be delivered at different times, the purchaser refuses to accept certain future deliveries, and the vendor sues for a breach of contract for refusal to accept two items, and obtains judgment therefor, and the judgment is satisfied, it is a bar to a subsequent action for refusal to accept a third item.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1088; Dec. Dig. § 615.*]

Action by De Graff & Palmer against Mayer L. Mayper and others. Judgment for defendants.

Wherry & Morgan, for plaintiffs.

Mayper & Boochever (Moses Feltenstein, of counsel), for defendants.

GREEN, J.    This is an action tried before the court without a jury for an alleged breach of contract. The plaintiffs, on December 4, 1906, agreed to manufacture or to cause to be manufactured certain merchandise for the defendants at certain prices, to which defendants agreed. On December 4, 1906, a memorandum of the sale was delivered to the defendants and a copy retained by the plaintiffs. Subsequently to the date of the contract certain deliveries were made and accepted by defendants. There were six items of merchandise sold under the contract, each item having various colors, and the time of delivery varied as to several items. After some of the deliveries were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made the defendants declined to accept further deliveries, and informed the plaintiffs to discontinue sending any further merchandise under the contract or order. Thereafter, and on or about August 27, 1908, the plaintiffs herein brought an action for breach of contract against the defendants for the sum of $306.14, in the Municipal Court of the City of New York, Borough of Manhattan, First District, and alleged as their cause of action that the plaintiffs sustained damage by reason of the refusal or failure of the defendants to accept two of the items of merchandise contained in the contract. The plaintiffs recovered judgment in the Municipal Court, and now bring this action to recover the sum of $591.39 against the defendants as damages arising on another item contained in the original contract made between the parties. The defendants maintain that the action in the Municipal Court is res adjudicata, and that the plaintiffs cannot recover in this action, upon the ground that the law forbids the splitting of causes of action, and that where separate causes of action exist, arising out of the breach of an entire contract, all those causes of action existing at the time the first action is brought must be joined, or the right to thereafter bring them is lost.

The contract herein was made on December 4, 1906. Some time prior to March, 1908, however, the plaintiffs herein knew of the fact of defendants' refusal to accept any further goods under the order, as evidenced by a certain letter dated March 20, 1908, from plaintiffs to defendants, and marked in evidence in the Municipal Court trial as "Plaintiffs' Exhibit 3," and in which they refer to the item of merchandise, the subject of the claim for damages in the case at bar, as being held subject to defendants' risk. It is thus evident that in March, 1908, plaintiffs' cause of action existed against the defendants and included the claim for damages in the item at bar. Notwithstanding this fact the plaintiffs brought the action in the Municipal Court, as before stated, upon two items, and omitted the third item, for which suit was commenced some time after in this court, although at the time the action in the Municipal Court was brought this cause of action at bar existed. The question is therefore presented whether the plaintiffs are now precluded by the former judgment from recovery on a cause of action which existed at the time the other action was brought and which might have been included at the time.

"The fact that the property was deliverable and the purchase money payable at different times in the future did not necessarily deprive the contract of the character of entirety, or make it other than a single one in respect to all the goods embraced in its terms. * * * There can be but one action for damages for the total breach of an entire contract to deliver goods, and the fact that they were to be delivered in installments from time to time does not change the general rule." Pakas v. Hollingshead, 184 N. Y. 214, 77 N. E. 41, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601.

"The general principle is that several claims already due under the same contract shall be deemed one entire demand or cause of action." Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448.

I am of the opinion that the case of Welch v. Buchan's Soap Corporation is decisive of this action. In that case the court said:

"In order to avoid a multiplicity of actions, the law forbids that a cause of action shall be split up for the purpose of bringing several actions; and although, when several claims payable at different times arise out of the same

contract or transaction, separate actions can be brought as such liability occurs, still, if no action is brought until more than one claim is due, all the claims that are due must be included in one action; and, if an action is brought when more than one claim is due, a recovery in that suit will be an effectual bar to a second action brought to recover the other claims that were due when the first action was brought." Welch v. Buchan's Soap Corpn., 56 Misc. Rep. 689, 107 N. Y. Supp. 617, and cases cited.

See, also, Dickinson v. Tyson, 125 App. Div. 735, 110 N. Y. Supp. 271; Pakas v. Hollingshead, 184 N. Y. 218, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601.

I find that the cause of action at bar existed at the time that suit was brought in the Municipal Court upon the other two items sued upon and arising out of the same contract, and, judgment having been rendered in that action and paid, I am of the opinion that plaintiffs are barred from maintaining this action. Judgment is therefore awarded to the defendants upon the merits.

Judgment for defendants.