(65 Misc. Rep. 185.)

### DE GRAFF & PALMER v. MAYPER et al.

(Supreme Court, Appellate Term.   November 30, 1909.)

1. JUDGMENT (§ 601*)—SEPARATE CONTRACTS FOR DIFFERENT ITEMS—BREACH—RIGHTS OF SELLER.

  If a buyer at the same time contracted separately for various items of goods, for delivery at different times in the future, and subsequently refused to accept any further deliveries on any contract, his act was a breach of all the contracts, and gave rights to separate causes of action on each contract; and the seller could combine the causes of action in one complaint, or could bring separate suits on each of them, and the judgment in an action on certain of the items would not bar actions on the other items.

  [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1116; Dec. Dig. § 601.*]

2. CONTRACTS (§ 147*)—CONSTRUCTION—INTENT OF PARTIES.

  In construing a contract, a court must endeavor to give effect to the intent of the parties, as shown by their words or acts.

  [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 730, 743; Dec. Dig. § 147.*]

3. SALES (§ 62*)—CONTRACT—ENTIRE OR SEVERAL.

  Where a contract of sale is clearly an entire contract, the element of delivery or payment in separate installments is not sufficient to show an intention to enter into separate contracts for each installment.

  [Ed. Note.—For other cases, see Sales, Cent. Dig. § 174; Dec. Dig. § 62.*]

4. JUDGMENT (§ 633*)—RES JUDICATA—PRIOR JUDGMENT AS BAR—WAIVER.

  Where buyers of several items of goods, to be delivered in installments at different times in the future, refused to receive installments of any of the items, and were sued in the Municipal Court on certain of the items, and in their verified pleadings expressly admitted that the items constituted separate contracts, and so gave rights to separate causes of action, by answering separately the three causes of action in the complaint, and brought affirmative actions upon each item in the character of a separate counterclaim, they cannot, in an action in the City Court on other items, claim that all the other items constituted one contract, and that the judgment in the former action barred the later one.

  [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1149; Dec. Dig. § 633.*]

Appeal from City Court of New York, Trial Term.
Action by De Graff & Palmer against Mayer L. Mayper and others. From a judgment of the City Court in favor of defendants (118 N. Y. Supp. 571), plaintiff appeals.   Reversed, and judgment directed for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Wherry & Morgan (William H. Wherry, Jr., of counsel), for appellant.

Feltenstein & Rosentein (Moses Feltenstein, of counsel), for respondents.

LEHMAN, J. The plaintiff and the defendants on December 4, 1906, entered into a contract or a series of contracts for the manufacture and sale of a number of different varieties of garter webbing. Each item was apparently separately discussed, and the quantity, color, and price separately fixed. The time of delivery was apparently to be a reasonable time after the order was given, and the plaintiff claims that in regard to each item the question of what constitutes a reasonable time could depend upon different circumstances. During the discussion of the order, the plaintiff's salesman would enter each item on a memorandum as soon as the terms as to that particular item were completed, and at the close of the whole discussion he delivered the memorandum to the defendants. Apparently, after this transaction, the parties had other dealings and made other similar contracts in April, 1907. Deliveries were made under all these contracts; but in 1908 disputes arose between the parties, and the defendants apparently refused to take any further deliveries from the plaintiff upon any contract. In August, 1908, the plaintiff began four separate actions against the defendants for breach of these various contracts. Two of these actions were begun on August 25, 1908, in the City Court of the City of New York, and two were begun on August 27, 1908, in the Municipal Court of the City of New York, and the Municipal Court actions were reduced to judgment before the City Court actions came to trial.

While the act of the defendants in refusing to accept any further deliveries on any contract constituted a breach of all the contracts, it gave rise to separate causes of action on each contract, and the plaintiff could combine these causes of action in one complaint, or it could bring separate suits on each of its causes of action. On the other hand, where the contract was one and indivisible, but the goods were deliverable and the purchase money payable at different times, the breach gave rise to only a single cause of action. It appears that in this case the cause of action is for a breach of the contract to pay for one of the items contained in the memorandum of December 4, 1906, and that the plaintiff has already recovered a judgment for the defendants' breach of their agreement to pay for two of the other items contained on that memorandum. If the memorandum was a statement of the terms of one entire contract, then the plaintiff has attempted to split up a single cause of action, and the judgment of the Municipal Court is a bar to this action.

In all questions of the interpretation of a contract, we must endeavor to give effect to the intent of the parties, as shown by their words or their acts. In the recent case of Pakas v. Hollingshead, 184 N. Y.

211, 214, 77 N. E. 40, 41, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, the court stated with approval the rule:

"As was said by Judge Bradley, in Brock v. Knower, 37 Hun, 609, the fact that the property was deliverable and the purchase money payable at differ-. ent times in the future did not *necessarily* deprive the contract of the char- acter of entirety, or make it other than a single one in respect to all the goods embraced in its terms." (Italics are mine.)

I believe the learned trial justice has overlooked the important word "necessarily." The court has simply decided that, where the contract is clearly an entire contract, the element of delivery or payment in separate installments is not sufficient to show an intention to enter into separate contracts for each installment. In this case, however, the alleged contract was not only for goods deliverable and payable in in- stallments, but it was also for goods of different qualities and descrip- tion; the terms for each item being separately arranged. Nor was the alleged contract ever reduced to a single formal written agree-. ment, for the memorandum in evidence is only a contemporaneous memorandum made by the plaintiff, stating each item separately, and, according to the salesman's testimony, each item was entered on the memorandum as shown when it was agreed upon. Under these cir- cumstances I should have great difficulty in any event in holding that the parties intended to enter into one entire and indivisible contract for all the goods.

Since, however, the interpretation of the contract depends in the last·· analysis upon the intention of the parties, if these parties have them- selves placed a clear interpretation upon it by their acts, we are bound to follow their own interpretation. In the Municipal Court action the pleadings were verified. The complaint sets forth three separate causes of action. The first cause of action alleges a contract for 90· gross of web, made on the 4th day of December, 1906. The second cause of action alleges a contract for 120 gross of web, made on the same day. The third cause of action is for a contract made on another day. The answer in correct form answers separately each cause of ac- tion, and in paragraph 2 the defendants expressly admit that they ordered on the 4th day of December, 1906, 90 gross of web, and in paragraphs 3, 4, and 5 set up a counterclaim for the plaintiff's failure to deliver these 90 gross of web; while in paragraph 6 they expressly admit that they ordered on the 4th day of December, 1906, 120 gross of web, and in paragraphs 7, 8, and 9 set up a counterclaim for fail- ure to deliver the 120 gross of web. At the conclusion of the plain-. tiff's case they moved to dismiss separately on each cause of action. Having, therefore, not only expressly admitted that the items consti- tuted separate contracts, and so gave rise to separate causes of action, but also brought affirmative actions upon each item in the character of a separate counterclaim, they cannot in law or equity now claim that all the items constituted one contract, and that the judgment in the former action is a bar to this action.

The judgment should therefore be reversed, with costs, and judg- ment directed for the plaintiff in the sum of $591.39, with interest from March 24, 1908, together with costs, pursuant to the stipula- tion. All concur.