ARLINGTON P. FULTON, Respondent, v. MAX CANNO et al., Trading under the Firm Name of CANNO DAIRY, Appellants.

**Rescission of contract — delivery of goods after seller has been notified that contract of sale has been rescinded by purchaser — when seller cannot recover the value thereof.**

The rule that when a contract has been rescinded by one party the other party must use reasonable effort to reduce the loss applied, where after a contract had been repudiated by the defendants, the plaintiff insisted on delivering the product contracted for, which was perishable and became a total loss, and *held*, that plaintiff could not under such circumstances recover its value.

*Fulton* v. *Canno*, 162 App. Div. 203, modified.

(Argued December 5, 1917; decided January 8, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 14, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ellsworth Baker* and *Arthur C. Kyle* for appellants. Since the defendants gave notice to the plaintiff that it was their intention to abandon the contract, the plaintiff was bound to make an effort to reduce the damages. (*Dustan* v. *McAndrews*, 44 N. Y. 72; Sedgwick on Damages, § 753; *Van Brocklen* v. *Smeallie*, 140 N. Y. 70.)

*John D. Lyons* for respondent.

McLAUGHLIN, J. In November, 1911, the parties to this action entered into a contract by which the plaintiff, the owner of a creamery, agreed to sell to the defendants, and they agreed to purchase, for one year beginning December 1, 1911, and ending December 1, 1912, skimmed milk at twenty-three cents per can of forty quarts. Defendants purchased the milk for the purpose of manufacturing it into pot cheese at their factory located some distance from the plaintiff's creamery. Shortly after its execution the contract was modified, to obviate the transportation of the milk, by permitting defendants to install in the creamery the vats and fixtures necessary for there receiving the milk and making the cheese. In consideration of such modification the defendants agreed to pay twenty-five instead of twenty-three cents a can for the milk. The fixtures and vats were installed and defendants then put into the creamery a cheese maker by the name of Margolin, who made the cheese until some time in February following, when he left, having previously employed for defendants a man by the name of Cole in his place. Cole thereafter continued to make the cheese until about the 21st of June, when one of the defendants had an interview with the plaintiff and notified him that the cheese which was being made was not satisfactory. There then arose a dispute as to whose duty it was to make the cheese — defendants insisting that from the first of April, under the contract, it was the plaintiff's, and the plaintiff insisting he had nothing to do with the making of the cheese; that he was simply obligated to deliver the milk at the creamery to defendants. As a result of this interview the defendants, on the 21st of June, wrote the plaintiff two letters, in one of which they said: " If you make any further shipments same will be returned to you at your expense;" and in the other, " I beg to call your attention to the fact that * * * we will not be responsible any

further under our contract until you notify Mr. Canno to call at your creamery to instruct your butter-maker how to make the pot cheese. I beg to notify you that you discontinue the use of our fixtures and cans." Plaintiff received both letters — just when does not appear — but it may be assumed from his testimony not later than the twenty-second. He paid no attention to them and until the 15th of August following continued to deliver the milk into the vats which had been furnished by defendants and it there remained, no cheese being made from it, until it was discharged upon the ground or given away. He made no effort to sell the milk after receipt of the letters, though he had an opportunity to do so. He brought this action to recover the contract price of the milk delivered, upon the theory that the contract was in force, since the defendants had their vats in his creamery and Cole there representing them. He had a verdict for the amount claimed and from the judgment entered thereon defendants appealed. The Appellate Division, two of the justices dissenting, affirmed the judgment and an appeal was then taken to this court.

The plaintiff knew, when he received the letters, that the defendants had rescinded the contract; that Cole thereafter had no authority to receive the milk, and having this knowledge it was his duty to use reasonable effort to reduce the loss. He could not, without making some effort in this direction, permit the milk to become a total loss, and then hold the defendants liable for the contract price. (*Dustan* v. *McAndrew,* 44 N. Y. 72; *Van Brocklen* v. *Smeallie,* 140 N. Y. 70; 13 Cyc. 71.)

The defendants paid for the milk delivered to the 16th of June and plaintiff was entitled to recover for deliveries from that time until the letters were received. Plaintiff testified that he delivered from the 16th of June to the 1st of July, 493 cans and 15 quarts, which,

at the contract price amounted to $123.25. From the course of dealings between the parties it may be assumed that the average daily · delivery during that time was the same. The value of the milk delivered, therefore, from the 16th of June until the receipt of the letters, was $57.52. It was conceded at the trial, or the fact was not disputed, that there was due the plaintiff for other items $14.28 which, added to the $57.52, is the amount for which the plaintiff should have had a verdict.

The other errors alleged have been examined, but they do not affect the validity of the judgment.

The judgment appealed from, therefore, should be modified by reducing the amount of the damage to $71.80, with interest from December 3d, 1913, and as thus modified affirmed, without costs to either party in this court or the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, POUND and CRANE, JJ., concur.

Judgment accordingly.