ARLINGTON P. FULTON, Respondent, *v.* MAX CANNO and ABE CANNO, Trading under the Firm Name and Style of CANNO's DAIRY, Appellants.

Third Department, March 8, 1922.

Sales — remedies of seller — contract by plaintiff to sell to defendant all skim milk produced by him for one year — rescission by defendants — action to recover damages for breach of contract — election of remedies — plaintiff having previously sued to recover contract price for part of period after rescission is estopped from maintaining present action for breach of contract — evidence — testimony by plaintiff as to transaction with deceased defendant competent under Code of Civil Procedure, § 830, where same transaction had been testified to by third person — error disregarded under Code of Civil Procedure, § 1317.

The plaintiff and the defendants entered into a contract whereby the plaintiff agreed to sell and the defendants to buy all the skim milk that the plaintiff would produce at his factory for one year. Deliveries were to be made from day to day. Before the expiration of the term of the contract the defendants notified the plaintiff that they would not receive any more milk. About two months after said rescission the plaintiff brought an action on the contract to recover the contract price for a period before rescission and for about two months thereafter. The plaintiff was unsuccessful in that action so far as the period after rescission was concerned because he did not show that he had used reasonable efforts to dispose of the milk and thereby reduce the loss. Subsequently the present action was brought to recover the contract price for the remainder of the term of the contract, but after the decision in the first action the complaint herein was amended to make this action one for damages for breach of the contract with a demand for damages from the date of rescission.

*Held,* that the plaintiff having elected in the first action to sue on the contract to recover the contract price of the milk for a part of the time after rescission, was estopped from thereafter bringing the present action to recover damages for a breach of the same contract, for having elected to sue on the contract he cannot, on being defeated, proceed on the theory of a breach of the contract.

Testimony by the plaintiff to a conversation had with one of the defendants, who died subsequent to the commencement of the action, was competent under section 830 of the Code of Civil Procedure, as the plaintiff's daughter was present at the conversation and testified thereto, and furthermore, if the admission of the testimony could be considered error, it should be disregarded by the Appellate Division under section 1317 of the Code of Civil Procedure.

APPEAL by the defendants, Max Canno and another, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 16th day of May, 1921, upon the decision of the court rendered after a trial at the Sullivan Trial Term before the court without a jury.

*Arthur C. Kyle,* for the appellants.

*John D. Lyons* [ *Nellie Childs Smith* of counsel], for the respondent.

KILEY, J.:

The plaintiff, respondent, was engaged in the creamery business at Ferndale, Sullivan county, N. Y. His creamery was located

upon his farm and besides making up the cream into butter from his own cows he purchased milk from other dairies in that neighborhood. The defendants were copartners engaged in the dairy business in Brooklyn, N. Y. They purchased and manufactured skim milk into potcheese. Previous to the 1st day of December, 1911, the plaintiff and defendants entered into an agreement in and by which the plaintiff agreed to sell to the defendants, and the defendants agreed to purchase of the plaintiff, all of the pure skim milk manufactured by him at his creamery from December 1, 1911, to December 1, 1912. Defendants were to pay twenty-three cents for each forty quarts. It was optional with defendants to have it made into cheese after April first, when the amount paid was to be increased to twenty-five cents for each forty quarts so made up into potcheese. On the 21st day of June, 1912, the defendants, by letter, refused to take any more of the plaintiff's milk. The letter was received on the 22d day of June, 1912. Defendants had not paid for the milk they had received from plaintiff from June fifteenth to the date of the receipt of the letter, refusing to further receive milk under the contract. Plaintiff kept turning the milk into defendants' vats and when full it was allowed to run into a refuse vat or other outside receptacle, and run over onto the ground, and some of which farmers drew away. Plaintiff made no effort to sell this milk to any one else so as to reduce the defendants' loss, if they should be held liable under the contract. Plaintiff sued defendants for what he claimed due from June 15, 1912, to August 15, 1912. He succeeded in the trial court and in the Appellate Division (162 App. Div. 203). Defendants appealed to the Court of Appeals. It will be observed that the action was for milk delivered under the contract, treating the contract as still alive and in force. The Court of Appeals (222 N. Y. 189) held that plaintiff could only recover for milk delivered from June sixteenth to June twenty-second when he received the letter from defendants rescinding the contract. As to the effect of the rescission the court say: " The plaintiff knew, when he received the letters, that the defendants had rescinded the contract; that Cole thereafter had no authority to receive the milk, and having this knowledge it was his duty to use reasonable effort to reduce the loss. He could not, without making some effort in this direction, permit the milk to become a total loss, and then hold the defendants liable for the contract price." (Citing *Dustan* v. *McAndrew,* 44 N. Y. 72; *Van Brocklen* v. *Smeallie,* 140 id. 70; 13 Cyc. 71.) The damages were reduced to $71.80 and as so reduced judgment affirmed, without costs. While this appeal was pending in one of the appellate courts, and on or about the 30th day of November, 1912, the plaintiff brought

this action against the defendants, seeking to recover for milk handled as above described from August 16, 1912, to November 30, 1912. This action was also brought upon the theory that the contract was alive and still in force. After the decision in the Court of Appeals, the plaintiff applied for and was permitted to amend his complaint so as to allege a breach of contract. One of the defendants died before the trial of this action. Upon the trial plaintiff swore that there was no market for skim milk in the vicinity of his creamery, admitted that he had made no effort to sell it elsewhere, because he regarded the contract with the defendants as still in full force. On cross-examination he admitted he had been offered fifteen cents for each forty quarts of all the milk he manufactured; that he refused the offer because he regarded the contract still in force. The amended complaint in this action extended the prayer for judgment so as to include the time after the repudiation of the contract by defendants, and a portion of which time was before the Court of Appeals in the first action. Interest is set forth as due from June 15, 1912, and demanded from July 15, 1912. All of the evidence offered by the plaintiff to sustain the allegation of the amended complaint was objected to by defendant upon the ground that the decision of the Court of Appeals was controlling in this case and was an adjudication upon all questions at issue in this case. The objections were overruled and exceptions taken by defendant. On motion of each party for the direction of a verdict the court took the case from the jury and found for the plaintiff at the rate of ten cents a can from August 15, 1912, to December 1, 1912. Defendants were allowed fifteen cents on each can, because plaintiff did not take advantage of the offer of fifteen cents a can offered him for the milk. At the outset the appellants submit that the plaintiff is not entitled to recover anything in this action because of the holding of the Court of Appeals as shown by the foregoing citation from its opinion. The trial court handed down an opinion in which he says: " I think the plaintiff had the right to treat the contract as existing and to recover payments under its terms upon performance as the payments accrued." This holding is based and must be based upon the theory that the aggrieved party may treat a rescinded contract as still in force, and that the party breaching the contract has not that privilege. He cites *Ga Nun* v. *Palmer* (202 N. Y. 492) as authority for that holding. The opinion in that case cites *Roehm* v. *Horst* (178 U. S. 1) wherein it is held " that after the renunciation of a continuing agreement by one party, the other party is at liberty to consider himself absolved from any future performance of it, retaining his right to sue for

any damages he has suffered from the breach of it; but that an option should be allowed to the injured party, *either* to sue *immediately*, or to *wait* till the time when the act was to be done, still holding it as prospectively binding for the exercise of this option." The intent of this holding may be said to be a little obscure; but giving it the usual liberal interpretation accepted for the English language, it means that plaintiff having commenced an action, has wiped out the right to wait; that having commenced the action he exercised the one of the two options which he had under the law, and he forfeited any right to exercise both. This seems to be in accordance with the holding of the majority of the Court of Appeals in *Pakas* v. *Hollingshead* (184 N. Y. 211, 216) where, citing *Schell* v. *Plumb* (55 N. Y. 592), it is said: " ' If the party thus situated brings his action before the entire measure of damages has been filled or before the damages have all become known so as to be susceptible of proof, it is his folly or misfortune. He cannot sever them and recover in one action and the residue, when discovered, in another,' " and further: " It is said in many of the cases that the injured party had an option, but that option was not to bring several successive actions, but to elect whether, upon a breach, he shall proceed to recover all his damages or to await the time for full performance." Chief Judge CULLEN in a dissenting opinion in this case (184 N. Y. 218) held to the theory of successive actions, and urges the distinction that should prevail in a case such as was being then considered. Judge COLLIN writing in *Seibert* v. *Dunn* (216 N. Y. 242) says: " Full and complete performance on the one side constituted the consideration for performance on the other. The corporation was bound to deliver all the vitrified brick which the construction required. The subsidiary stipulations as to delivering them as ordered and as to paying for the quantity laid monthly do not split the contract into as many distinct parts or contracts as there shall be shipments or payments." In *Pray* v. *Hegeman* (98 N. Y. 351, 358) the court says: " The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered." It will be recalled that milk claimed to have been delivered between June 15, and August 16, 1912, was involved in the first action. The Court of Appeals allowed for milk delivered until June twenty-second when the contract was rescinded by defendant; so that the ruling of the Court of Appeals affected a period of time involved in this

action, though plaintiff did not succeed in recovering for that period. The principle was involved in the record before the Court of Appeals and must have furnished the foundation for the holding hereinbefore cited. It will thus be seen that plaintiff had mistaken his remedy in the first action, viz., suing on the contract instead of for a breach of that contract; as we have seen that is his misfortune. Plaintiff had his option and having exercised it as he did he cannot now proceed under the same contract, upon a different theory. (*Maeder* v. *Wexler*, 98 App. Div. 68.) He had the right to bring and maintain the action he did bring in the first instance as far as it was applicable to the facts and he so far succeeded, and, therefore, this action does not come under the suggestion, as to a " fruitless action," made in *Kinney* v. *Kiernan* (49 N. Y. 164). If I am right in my conclusions the judgment should be reversed and complaint dismissed and I might, with propriety, stop here. A question is raised, however, that incompetent evidence was received over defendant's objection. The defendant with whom plaintiff had the conversation about the modification of the contract died before the trial of this action. Plaintiff was permitted to give that conversation over the objection of the defendant that it was incompetent under section 829 of the Code of Civil Procedure. I think this was competent under section 830 of the Code. In the present instance the daughter of the plaintiff was present and testified to the same conversation; under such circumstances, even if it could be considered error, it should be disregarded under section 1317 of the Code of Civil Procedure. (Civil Practice Act, § 105.)

The judgment should be reversed and the complaint dismissed, with costs.

All concur.

Judgment reversed and complaint dismissed, with costs.