## SUPREME COURT — SPECIAL TERM — NEW YORK.

### March, 1924.

## DANIEL MARESCO v. MECHANICS AND METALS NATIONAL BANK OF N. Y.

### (122 Misc. 667.)

BANKS AND BANKING—ACTION BY DEPOSITOR TO RECOVER FROM BANK AMOUNT OF FORGED CHECK PAID BY BANK—JUDGMENT IN PRIOR ACTION ON ANOTHER FORGED CHECK IS NO DEFENSE—INJURY TO PLAINTIFF AROSE ONLY WHEN BANK REFUSED TO PAY.

In an action by a depositor to recover from his bank the amount of a forged check paid by the bank and charged against his account a judgment in favor of the plaintiff in a prior action against the bank for the amount of another forged check is no defense even though the plaintiff knew of the payment by the defendant of both of the forged checks at the time of the commencement of the first action.

The injury to plaintiff arose only when the bank refused to pay to him or upon his order the balance which should properly have remained to the credit of his account; such injury did not arise from the payment of the forged checks.

MOTION by defendant for judgment on pleadings.

*C. Novello,* for plaintiff.

*F. M. Patterson,* for defendant.

PLATZEK, J.:

The action is by a depositor to recover from his bank the amount of a forged check paid by the bank and charged against his account.  The defense is that two forged checks were paid; that the depositor, knowing of both payments, brought action and recovered judgment for the amount of one of the checks, and that that judgment is a bar to the present action subsequently brought for the amount paid on the other check. The argument is that there was a single contract between the bank and its depositor which governed their continuing relations; that by that agreement the bank undertook to pay out moneys standing to the credit of the account upon the plaintiff's order and not otherwise, and that since the two breaches of the contract had occurred, to plaintiff's knowledge, at the time of the commencement of the former action, plaintiff was bound to sue for both or abandon any claim for the one omitted. In other words, it is said that causes of action which should have been united in a single complaint have been improperly made to support separate actions.  I do not consider the defense sound.  The case appears to be argued on both sides as if the injury to plaintiff arose from the payment of the forged checks. Obviously, this is a misconception of the case.  The moneys deposited by plaintiff became the property of the bank.  Plaintiff became its creditor.  Baldwin's Bank v. Smith, 215 N. Y. 76.  In paying the checks the bank paid out its own moneys and plaintiff was in no way harmed.  The injury to plaintiff arose only when the bank refused to pay to him, or upon his order, the balance which should properly have remained to the credit of his account, disregarding the erroneous payments improperly charged against it.  The gist of plaintiff's cause of action is found in the 9th paragraph of his complaint where

it is alleged that the sum here claimed to have been erroneously paid out from the account was never repaid or replaced and that it has never been paid to plaintiff, although payment has been demanded. It is no answer to the cause of action thus stated to show that a judgment was recovered for the sum paid on the other forged check. When the former action was brought the balance owing to plaintiff was the aggregate amount of the two forged checks. Plaintiff was not bound to demand payment of the entire balance at once. He had the right to demand payment of such part as he might elect and to sue the bank for its refusal to honor his demand. Such was the nature of the implied agreement between the bank and its depositor. So far as appears that is what has happened here. It nowhere appears that the demand upon which the present action rests was made and refused before the first action was commenced. But even if it did so appear I do not think the case would be altered. Each refusal to pay would constitute a separate cause of action, but neither would amount to a total breach of an entire and indivisible contract within the principle of Pakas v. Hollingshead, 184 N. Y. 211, and similar cases. The defendant's motion for judgment is, therefore, denied, with ten dollars costs. Order signed.

Ordered accordingly.