JANE J. LOOMIS, Appellant, v. EDWIN D. LOOMIS, Respondent.— Appeal by plaintiff in an action for a separation and for a declaratory judgment, from an order dismissing her complaint. Order affirmed, without costs. The declaratory judgment sought by plaintiff, if granted, would have adjudged to be null and void a decree of divorce obtained by the defendant in New Jersey. The Domestic Relations Court in vacating its earlier order for the support of plaintiff by defendant, found that the New Jersey decree was valid. In so determining, the Domestic Relations Court acted within its powers and jurisdiction (*Merritt* v. *Merritt*, 259 App. Div. 242; appeal dismissed, 285 N. Y. 561), and its determination was conclusive on the parties on that issue in any later action or proceeding in any court. (*Pakas* v. *Hollingshead*, 184 N. Y. 211, 217; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304, 306; *People ex rel. Kuhn* v. *P. E. House of Mercy*, 133 id. 207, 210.) The New Jersey decree being valid in that State, it must be recognized and given effect in this State under the full-faith-and-credit clause of the United States Constitution. (*Atherton* v. *Atherton*, 181 U. S. 155, 164; *North* v. *North*, 47 Misc. 180; affd., 111 App. Div. 921; appeal dismissed, 192 N. Y. 563.) The fact that the Domestic Relations Court reached the same result as might have been reached by the Supreme Court under section 473 of the Civil Practice Act does not mean that the former court rendered or purported to render a declaratory judgment under that section; it merely found the marital status of the parties as a fact, and on that finding vacated its earlier order. Lazansky, P. J., Carswell, Taylor and Close, JJ., concur; Hagarty, J., dissents and votes to reverse the order granting the motion to dismiss the complaint, and to deny the motion, with the following memorandum: If, as alleged in the complaint, the defendant abandoned the plaintiff in this State, in which State she continues to reside, the defendant's subsequent divorce decree, obtained in another State without personal service, is void. (*Kaiser* v. *Kaiser*, 192 App. Div. 400; affd., 233 N. Y. 524.) The questions here presented are beyond the scope of the limited jurisdiction of the Domestic Relations Court. That court had no power to determine the efficacy of the foreign decree. As a prerequisite to vacatur of its original order directing defendant to pay a stated sum weekly for the plaintiff's support, an appropriate Supreme Court judgment was necessary. In any event, the vacatur could go no further than to recognize the foreign decree at face value, which would not be an adjudication of its validity.