WILLIAM BRACKEN, Appellant, *v.* THE ATLANTIC TRUST COMPANY, Respondent, Impleaded with Others.

KNICKERBOCKER TRUST COMPANY, as Executor of THOMAS B. SHOAFF, Deceased, Appellant.

1. FORMER ADJUDICATION — JUDGMENT IN EQUITABLE ACTION FOR DELIVERY OF STOCK UNLAWFULLY DETAINED A BAR TO SUBSEQUENT ACTION FOR DAMAGES FOR DEPRECIATION IN VALUE DURING LITIGATION — MERGER. A judgment rendered in an equitable action against a trust company brought upon the written request of bondholders by the trustee of a mortgage given to secure the payment of bonds, the foreclosure of which had resulted in a deficiency, to enforce the delivery or sale of stock deposited with the defendant by a guarantor of the bonds as security for the performance of the guaranty, the undertaking of the defendant being to hold the stock for that purpose, which judgment decreed the sale of the stock and the application of the proceeds to the payment of the bonds and directed its delivery for that purpose, constitutes an estoppel against the right of a bondholder to subsequently maintain an action to recover damages alleged to have been sustained by reason of the depreciation in the market price of the stock during the pendency of the litigation, since upon the failure of the defendant to perform its obligation to deliver the stock, the bondholders through their trustee had the election to enforce it by a suit in equity or by an action at law to recover damages for its breach, and having adopted the former course, the court had jurisdiction to determine all questions within the purview of the suit, one of which was the damages occasioned by defendant's default; and by the election of the bondholders through their trustee they are precluded from bringing a second action therefor, their legal rights having been merged in the judgment.

2. WHEN CAUSE OF ACTION CANNOT BE DIVIDED.   The refusal of the defendant to comply with the demands of the bondholders' trustee for the stock or for the proceeds of its immediate sale constituted but one wrong which was completely redressed by the judgment, and the damages flowing therefrom cannot be divided so as to form the subject of separate actions; if the decline in the value of the stock occurred before the rendition of the judgment it was a hazard of the litigation; if after and during the pendency of an appeal which was taken, there was no new or illegal detention of the stock, especially in a case where no stay of proceedings was granted and the plaintiff made no demand and took no steps to enforce the judgment.

*Bracken* v. *Atlantic Trust Co.*, 42 App. Div. 621, affirmed.

(Argued May 13, 1901; decided June 14, 1901.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1899, affirming a judgment in favor of defendant, the Atlantic Trust Company, entered upon a verdict directed by the court.

This action was commenced to recover damages of the Atlantic Trust Company for its neglect of a duty alleged to be owing to the plaintiff, as the holder of certain bonds of the Julien Electric Traction Company.   These bonds were issued, in 1889, to the extent of $102,000, and were secured by a mortgage to the Mercantile Trust Company, as trustee, covering certain property therein described.   In the following year, the United Electric Traction Company, by an instrument in writing, guaranteed to the Mercantile Trust Company, as trustee, the payment of the principal and interest of the bonds. At that time, the Atlantic Trust Company held a large amount of the capital stock of the Consolidated Electric Storage Company, which that company had issued to it, as trustee, for certain corporate purposes, not relating to this guaranty, and, upon the execution of the instrument of guaranty, the president of the Atlantic Trust Company made the following indorsement upon it:  " There has been deposited with the Atlantic Trust Company 30,000 shares of the Consolidated Electric Storage Company's stock security for the performance of above guarantee;"  subscribing his signature thereto as president.

In 1892, the mortgagor defaulted in the payment of inter-

est upon its bonds; a foreclosure of the mortgage securing them was had and a sale of the mortgaged assets resulted in a large deficiency upon the bonded debt. Thereupon the Mercantile Trust Company, in November, 1892, made two demands upon the Atlantic Trust Company; one for the delivery to it of the 30,000 shares of stock, in order that the proceeds of their sale might be applied to the payment of the bonds, and, later, another that the Atlantic Trust Company should sell the said shares, in order that the proceeds might be applied to the same purpose. These demands being refused, the Mercantile Trust Company, in December, 1892, brought an action against the Atlantic Trust Company and others and demanded judgment; first, that the Atlantic Trust Company be decreed to deliver to the plaintiff the 30,000 shares of stock "in order that the proceeds of the sale of said stock may be applied by the plaintiff to the payment of the principal and interest remaining unpaid on said one hundred and two bonds; or, second, that the said stock be sold under the direction of this court and the proceeds thereof applied as aforesaid," etc. The action was instituted in precise conformity with a written request of the bondholders. The Atlantic Trust Company in its answer, among other things, set up claims upon the stock, growing out of transactions with the United Electric Traction Company. In 1895, the plaintiff had a judgment, which decreed the sale of the 30,000 shares of stock by the Mercantile Trust Company, as trustee, and the application of the proceeds to the payment of the bonds, and which, also, directed the Atlantic Trust Company to deliver up the said stock for the purpose aforesaid. From this judgment the Atlantic Trust Company appealed to the General Term, where the judgment was affirmed. An appeal was then taken to the Court of Appeals. No stay of proceedings to enforce the judgment was obtained pending the appeals. In March, 1896, the appeal to the Court of Appeals was discontinued by stipulation; the shares of stock were delivered to the Mercantile Trust Company and a sale at auction was thereupon had, from which but a trifling sum was realized, by reason of a decline in the

market value of the stock. Thereupon, the plaintiff, who had obtained the assignment of all of the outstanding bonds, except five belonging to the defendant Shoaff, commenced this action against the Atlantic Trust Company ; alleging in his complaint the principal facts relating to the issuance of the bonds, their guaranty by the United Electric Company, the deposit of the stock as security for the performance of the guaranty, the foreclosure of the mortgage securing the bonds and the subsequent action to compel a delivery and a sale of the stock for the purpose of making good the deficiency upon the bonds. It was, further, in substance, alleged that the market value of the deposited stock, at the time of the demand by the Mercantile Trust Company for its delivery, or sale, was such that it could then have been sold for an amount more than sufficient to pay the sum remaining due upon the bonds; that the Atlantic Trust Company refused to perform its duty to the bondholders to sell the stock, or to deliver it to the Mercantile Trust Company and that it insisted upon its superior rights therein ; that it persisted in its refusal for the period of some four years and that, when finally delivered up and sold, not enough was realized to cover the compensation of the trustee and the expenses, by reason of the decline which had taken place in the market value of the stock. Judgment was demanded against the Atlantic Trust Company for damages, in an amount sufficient to cover the amount due on the bonds and the expenses to which the bondholders had been put.

The Atlantic Trust Company pleaded in its answer, among other defenses, the prior recovery by the Mercantile Trust Company of its judgment and the subsequent delivery of the stock there in question. Upon the conclusion of the trial below, a verdict was directed in favor of the Atlantic Trust Company and the judgment entered thereupon has been unanimously affirmed by the Appellate Division, in the first department. The plaintiff has appealed to this court.

*William B. Hornblower, Howard A. Taylor* and *George J. Peet* for appellants. The question involved relates to the rule

65

against splitting a cause of action and not to the rules against retrying matters already adjudged. The pleadings and whole form of the former action were not in point of fact adapted to any other judgment than a mere direction for a sale, and no other question could have been there litigated unless some other kind of a suit had been brought. The question at bar becomes, then, one whether a good and valid cause of action has been lost, not whether a cause of action has in a prior litigation been defeated upon the merits. (*Gedney* v. *Gedney*, 160 N. Y. 471; *O'Dougherty* v. *R. P. Co.*, 81 N. Y. 496; *Montrose* v. *Wanamaker*, 11 N. Y. Supp. 106; *Edson* v. *Bartow*, 10 App. Div. 104; 154 N. Y. 215; *Govin* v. *de Miranda*, 79 Hun, 329; *Schwenck* v. *Widemeyer*, 14 N. Y. Supp. 456; *McIntosh* v. *Lown*, 49 Barb. 550; *Perry* v. *Dickerson*, 7 Abb. [N. C.] 446; 1 Van Vleet's Former Adjudication, 206.) A legal analysis of the situation shows a different cause of action in the two suits. (*Bennett* v. *Preston*, 17 Ind. 291; *Van Camp* v. *Searle*, 147 N. Y. 150; *McCarthy* v. *Hiller*, 26 App. Div. 588; *Hubinger* v. *C. T. Co.*, 94 Fed. Rep. 788; *Bruce* v. *Kelly*, 5 Hun, 229; *Matter of Hood*, 98 N. Y. 363; *Genet* v. *D. & H. C. Co.*, 163 N. Y. 173; *Felix* v. *Devlin*, 50 App. Div. 331; *Nickerson* v. *C. S. Co.*, 10 Cal. 520; *Smith* v. *Dillingham*, 33 Me. 384; *Andrew* v. *Schmitt*, 64 Wis. 664.) The former suit being brought by the Mercantile Trust Company and this suit by the bondholders another reason is presented against merger. (*Spies* v. *C. & E. I. R. Co.*, 30 Fed. Rep. 397.)

*Henry L. Stimson, Thomas Thacher* and *Alfred B. Thacher* for respondent. The judgment obtained by the Mercantile Trust Company is a bar to the present action. (*Cromwell* v. *County of Sac*, 94 U. S., 351; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449; *Reich* v. *Cochran*, 151 N. Y. 122; *Stowell* v. *Chamberlain*, 60 N. Y. 276; *Bell* v. *Merrifield*, 109 N. Y. 209; *Stone* v. *U. S.*, 64 Fed. Rep. 667; Black on Judgments, § 726; *Wilson* v. *Little*, 2 N. Y. 443; *Horton* v. *Morgan*, 19 N. Y. 170; Story's Eq. Juris. § 796; *Morss* v.

*Elmendorf*, 11 Paige, 277.)   The case fails to show that the refusal of the Atlantic Trust Company to deliver up or sell the stock was a wrongful act.   (Jones on Liens, § 1033 ; *Lickbarrow* v. *Mason*, 6 East, 21 ; *Pothonier* v. *Dawson*, Holt N. P. 383 ; *Doane* v. *Russell*, 3 Gray, 382 ; *Fox* v. *McGregor*, 11 Barb. 41 ; 1 Chit. Gen. Pr. 642 ; 2 Kent's Comm. [6th ed.] 642; Cross on Liens, 47 ; *Wheeler* v. *Newbould*, 16 N. Y. 392.)

GRAY, J.   The direction of the verdict at the Trial Term in favor of the respondent, the Atlantic Trust Company, was made in pursuance of a prior determination by the Appellate Division, which reversed a judgment recovered by the plaintiff.   The Appellate Division had held, upon what was the main question in the case, that the bondholders were bound by the judgment which their trustee, the Mercantile Trust Company, had obtained, in 1895, and were privy to it ; that the effect must be the same as though the previous action had been brought in the names of the bondholders, and that the recovery of the judgment constituted an estoppel against the right of this plaintiff to maintain an action for any damages which he suffered, by reason of the retention of the stock by the Atlantic Trust Company until the termination of the litigation.   I think the case has been correctly decided.   The action cannot be maintained.   It rests upon the facts which existed at the time of the trial of the trustee's action and, in order to make out his case, the plaintiff was only obliged to make proof of the additional material fact of the depreciation in the value of the securities between the time of his trustee's demand upon the Atlantic Trust Company and the time when the securities were delivered up.   The former action was of an equitable nature and the plaintiff therein, as trustee, represented this plaintiff and all the other bondholders in all their rights and demands.   The court acquired such jurisdiction as empowered it to render any judgment, which would determine all questions within the purview of the suit, and such an one as that of damages occasioned by delay in

performance, or other default in any duty owing to the plaintiff, under the circumstances, would be incidental to, and flow from, the proper equitable relief. (Story's Eq. Jur., sec. 796.) The trustee's action had for its object the delivery of the stock held by the Atlantic Trust Company and its sale, for the purpose of applying the proceeds to meet the deficiency arising upon the foreclosure sale, within the contract of guaranty, and it cannot well be doubted but that the equitable jurisdiction of the court would have authorized it to award any damages provable against the defendant under the circumstances shown. The principle was asserted by the English Court of Appeal in *Serrao* v. *Noel* (L. R. [15 Q. B. Div.] 549); where the defendant was sued for damages for the unlawful detention of shares of stock, the delivery of which had been theretofore decreed in an action brought by the same plaintiff in the Chancery Division of the court. When the shares were finally delivered, they had so declined in value as, upon their sale, to bring a considerable loss to the plaintiff and it was sought, in the second action, to make the defendant liable in damages.

The defendant pleaded by way of estoppel the previous Chancery decree, and this defense was held to be good by all of the justices of the Court of Appeal. The principle of the decision, in the language of Lord Justice BOWEN, was that " the suit in the Chancery Division was an application to the High Court of Justice for all kinds of relief in order that the rights of the parties might be adjusted."

The precise question here is, whether the plaintiff's trustee, in pursuing its remedy to enforce a delivery of the stock, or its sale, has not so dealt with the subject of the controversy with the Atlantic Trust Company as to preclude the bondholders from setting up the present claim, based upon the alleged wrongful act of that company in not applying the stock, held by it as security for the guaranty of the bonds, to the satisfaction of the amount remaining due upon the bonds, when demanded of it. In effect, the stock had been deposited with the Atlantic Trust Company by the guarantor of the bonds, as security for the performance of the guaranty, and the

undertaking of the depositary was to hold the stock for that
purpose. When the time arrived for the application of the
security to its purpose, the depositary, whether its duty be
regarded in the light of a trust, or of a contract, was bound to
deliver over either the stock, or the proceeds of its sale, to the
trustee for the bondholders. When it refused to comply with
the latter's demand to do the one, or the other, thing, there
was a definite breach of its obligation and the trustee for the
bondholders had the election to pursue either of two remedies.
Their trustee could pursue the remedy by action on the equity
side of the court to enforce the obligation to deliver over the
stock, for its sale and application; or it could treat the refusal
of the depositary to deliver the stock as a breach of its con-
tract and sue at law for damages. The trustee had a lien upon
the stock for the benefit of the bondholders. The defendant
had recognized a right in the trustee to the stock in a certain
contingency and its subsequent refusal to deliver it, if wrong-
ful, amounted to a conversion of the bondholders' security,
which gave to their trustee the right to recover its market
value at the time. The cause of action in either case would
be the same; for its establishment, notwithstanding the differ-
ence in form of action, would depend upon the same evidence.
(*Stowell* v. *Chamberlain,* 60 N. Y. 272.) In electing to pur-
sue the former remedy, the bondholders and their trustee were
concluded from prosecuting a second action for damages.
They could not treat the obligation as subsisting and sue to
enforce its performance and then, subsequently, after obtain-
ing the fruits of a decree, sue the same defendant for the
recovery of damages, upon the theory that there had been a
neglect of duty, or a breach of the obligation.

But it is clear that in the former equitable action full relief
could have been granted, such as was consistent with the cause
of action; even if, for the purpose of a recovery of damages,
an amendment of the pleadings became necessary. The action
was in equity; for it sought the enforcement by judicial
decree of an asserted right to the stock. As it was observed
below, it aimed at the same relief, which might have been

obtained, had the plaintiff's title been such as to enable it to maintain replevin for the stock. But, within the rule of either action, damages were recoverable for delay in performance, or for unlawful detention of the property. In my opinion, the plaintiff's legal rights were resumed in the former action brought by his trustee and were merged in the judgment therein recovered.

In *Phelps* v. *Prothero*, (7 De G., M. & G. 722), where there had been a decree for specific performance and, subsequently, a judgment at law was obtained for damages growing out of the same contract, the enforcement of which was restrained by injunction, it was said by Lord Justice TURNER, that "the defendant had originally the right to proceed either at law for breach of the agreement, or in this court for the specific performance of it. He adopted the latter remedy. I think that a plaintiff who has legal rights and comes to this court for its aid is bound to put his legal rights under the control of the court."

The whole theory of the former action by the trustee for the bondholders seems inconsistent with the present claim to recover damages for the failure of the defendant to deliver over the stock, or to apply the proceeds of its sale. By that action, the Mercantile Trust Company, for the bondholders, submitted the whole question to the court, as to the Atlantic Trust Company's obligation with respect to the security. The latter set up adverse claims, or liens, and, upon the issue raised, the whole controversy was thrown into court. The delays of the litigation caused, as it is claimed, a loss by the depreciation in the market value of the security ; but where was the injury, which the law would recognize as giving rise to a claim for damages ? That was a hazard, or an indirect result, of the litigation. It was not one which could be deemed to have been within the contemplation of the parties ; for, in legal presumption, the judgment demanded would comprehend complete redress in its execution.

There was the one wrong, if any, committed by the Atlantic Trust Company and that was in its refusal to comply with the

demand of the bondholders' trustee for the stock, or for the proceeds of its immediate sale. For that wrong the former action was brought and its redress was to be had in the judgment which should be awarded. If delays were caused by litigation, and loss resulted to the bondholders from a depreciation in the market value of the security intended for their benefit, I cannot see how a new, or separate, cause of action has arisen.

In that respect the case of *Commerce Exchange National Bank* v. *Blye*, (123 N. Y. 132), is of some application. There the plaintiff claimed the possession of certain bonds, as having a special property therein, which had come into the defendant's hands as receiver, and, upon the latter's refusal to deliver them up, the action was brought for their possession and damages were asked for their detention. The action was defended upon a claim of ownership and a denial of the plaintiff's title, and, after a trial, the judgment was in favor of the plaintiff for the return of the bonds, or their value, and for damages occasioned by their detention. The judgment was affirmed in this court. Thereafter, a second action was commenced against the same defendant; wherein the same plaintiff set forth the facts of the preceding litigation and alleged that during the interval between the time of the trial and the time when, upon the termination of the preceding litigation, the bonds were actually delivered, the defendant failed, neglected and refused to deliver to the plaintiff the bonds and that they were damaged by depreciation in value in a certain sum, for which judgment was demanded. A demurrer to the complaint was overruled, both at the Special Term and the General Term; but, upon appeal to this court, final judgment was ordered in favor of the defendant. It was held that the complaint disclosed a single tort, which had formed the subject of an action and had been redressed by judgment therein and that, if the defendant's continued possession, during the interval after judgment and pending the appeals therefrom, was a wrong, it was but a continuation of that wrong which was sued upon and damages which flow from a single wrong

may not be divided, so as to form the subject of separate actions.

If the decline in the value of the stock occurred before the recovery of a judgment for the plaintiff, then that was a hazard of the litigation. If the decline occurred after the judgment and pending the appeals of the defendant, as would seem to be the case, then there was no new, or illegal, detention of the property in controversy. But another answer to such a claim would be that the plaintiff made no demand and took no steps to enforce its judgment. The defendant exercised its right to appeal; but there was no stay of proceedings upon the judgment pending the appeals.

Upon any view of the question, I am unable to perceive how the plaintiff could maintain his action and I advise the affirmance of the judgment, with costs.

PARKER, Ch. J., MARTIN, CULLEN and WERNER, JJ., concur; O'BRIEN and LANDON, JJ., dissent.

Judgment affirmed.