TRUSTEES OF THE PRESBYTERY OF NEW YORK, Appellant, *v.* WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY-THIRD STREET et al., Respondents.

WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY-THIRD STREET et al., Respondents, *v.* TRUSTEES OF THE PRESBYTERY OF NEW YORK, Appellant.

(Submitted March 11, 1918; decided March 19, 1918.)

MOTION in each case to recall and amend remittitur. (See 222 N. Y. 305, 642.)

*Per Curiam.* We see no reason for recalling the remittitur in either of the above cases. Our decisions as therein set forth are plain and the disagreement of the parties in respect of the judgments to be entered thereon seems principally to arise from the circumstance that each one is in some particular dissatisfied with the decisions which we have made and desires to make a re-argument.

*First.* In the first above-entitled action, the ejectment action so denominated, our decision that the judgment of the Appellate Division be modified and as so modified affirmed " without costs " under perfectly well-settled rules of practice refers to the costs on appeal in this court. It does not touch or affect the costs awarded in

the trial court as these were affirmed by the judgment of the Appellate Division.

*Second.* In the second above-entitled action, the equity suit so denominated, our decision in respect of costs is equally clear. We reversed the judgment of the Appellate Division so far as it reversed the judgment of the Special Term allowing plaintiff costs, which reinstated the provision of the Special Term judgment allowing such costs, and in addition we allowed costs to the plaintiff against the individual defendants both in this court and in the Appellate Division. That ought to make it clear that the defendants are not entitled to recover costs against the plaintiff in either court.

*Third.* While the provisions in paragraph third of. plaintiff's proposed judgment which respectively state that preceding provisions contained in said paragraph are "to the end that the denominational trust, the protection of which is committed to the Presbytery of New York, and to this plaintiff, may be preserved and said property be not diverted to any other object than its use and administration in accordance with the discipline, rules, usages, laws and book of government of the Presbyterian Church in the United States of America," and also " that they (defendant trustees) be likewise severally enjoined from prosecuting any proceedings for a sale of the property or from instituting any other like proceeding," are in our opinion not of importance in view of the other provisions of the judgment they are an interpolation in our decision and, therefore, should be stricken out if objected to.

*Fourth.* The provision of plaintiff's proposed judgment that pursuant to our opinion " the plaintiff have leave to proceed in equity at the foot of this decree, or by separate proceeding or action, to secure such other and further relief in the premises as justice may require," is not necessary and would not be effective to prevent our judgment from being a bar to other proceedings if

inherently it is such. We stated, in substance, in our opinion that we did not feel able to fully settle all aspects of the controversy between the parties to this action and we suggested, without in any manner attempting to pass upon or decide in advance the questions which would be thereby presented, that possibly additional and complete relief might be secured in other actions. If our judgment in the present action covered and adjudicated the questions which would arise in such other actions it would not be useful to say that it did not do so. As a matter of fact, however, we quite fully expressed the opinion that we did not feel justified in attempting to dispose of various questions still remaining unsettled as between the parties to this action for the very reason that we did not regard those questions as before us in the present action, brought upon a certain theory which measured and controlled its prosecution. Aside from the objections above considered, the judgments proposed in behalf of the trustees of the presbytery are satisfactory in form to the opposing party and may be adopted.