Robison & Co., Inc., *v*. Kram. No. 1.     873

App. Div.]     First Department, April, 1921.

First Department, April 1, 1921.

**Sales — action to recover purchase price of goods not delivered — complaint not stating cause of action — failure to allege facts showing passing of title — pleadings should follow statute.**

Complaint in an action to recover purchase price of goods does not state a cause of action under subdivision 1 of section 144 of the Personal Property Law where it alleges an agreement for the sale of artificial silk by the pound at an agreed price; that pursuant to the agreement three cases, or 660

pounds, were delivered to and accepted and paid for by the defendant; that plaintiff duly offered to deliver the balance of 1,320 pounds but that the defendant wrongfully and in violation of the contract failed and refused to accept and pay therefor and still so refuses notwithstanding plaintiff's readiness, willingness and ability to deliver the goods and tender thereof and that plaintiff holds such balance of the goods for the account and subject to the order of the defendant.

The facts alleged in the complaint do not show such an identification and appropriation of the property to the contract as passed title thereto to the defendant.

Rule 1 of section 100 of the Personal Property Law, providing that where there is an unconditional contract to sell " specific goods in a deliverable state," title passes when the contract is made, cannot avail plaintiff, for it is not alleged that the sale was of specific goods in a deliverable state, but, on the contrary, it is alleged that the goods were to be imported, and that if they did not arrive, the plaintiff was to be under no obligation to deliver them to the buyer.

It is important that pleaders should be required to abandon the common-law form of pleading in such cases and follow the statute, and where recovery for the purchase price of undelivered goods is sought, the facts showing that, under the statute, title has passed to the buyer should be alleged.

APPEAL by the defendant, Harry Kram, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of October, 1920, overruling defendant's demurrer brought on and tried as a contested motion and granting judgment in favor of the plaintiff.

*Lester B. Nelson* of counsel [*Charles Ginsburg*, attorney], for the appellant.

*Charles H. Tuttle* of counsel [*Herman I. Lurie* and *Carl E. Peterson* with him on the brief; *Lurie & Feinberg*, attorneys], for the respondent.

LAUGHLIN, J.:

The complaint shows that the plaintiff, a domestic corporation, and the defendant, trading under the name of H. Kram & Co., made an agreement in writing on the 3d of September, 1919, whereby defendant agreed to purchase of the plaintiff fifteen cases of certain artificial silk at eight dollars and seventy cents per pound, to be delivered in September and October of that year, subject to the arrival of the goods from Europe;

that a case of merchandise as contemplated in the contract consisted of 220 pounds and that the contract embraced 3,300 pounds; that 1,320 pounds were delivered to, accepted and paid for by the defendant and the agreement was then so modified that the remaining 1,980 pounds were to be artificial silk of a different grade for which the defendant was to pay seven dollars and fifty cents per pound; that pursuant to the modified agreement, 660 pounds were delivered to and accepted and paid for by the defendant; that plaintiff duly offered to deliver the balance of 1,320 pounds but that the defendant wrongfully and in violation of the contract failed and refused to accept or pay therefor and still so refuses notwithstanding plaintiff's readiness, willingness and ability to deliver the goods and tender thereof and that plaintiff holds such balance of the goods for the account and subject to the order of the defendant. Judgment is demanded for the *purchase price* of the balance of 1,320 pounds at seven dollars and fifty cents per pound aggregating nine thousand nine hundred dollars.

It thus appears that the action is not to recover damages for the breach of the defendant's agreement to accept delivery and pay for the goods but to recover the purchase price of the undelivered goods. The complaint would have been good at common law; but in view of the changes in the common law made by article 5 of the Personal Property Law (as added by Laws of 1911, chap. 571), which is known as the Sales of Goods Act, and from which the quotations in this opinion are made, I think it is not good for the reason that the facts do not show such an identification and appropriation of the property to the contract as passed title thereto to the defendant. By virtue of the provisions of subdivision 1 of section 144 of the Personal Property Law, if title to the goods has passed to the buyer, the seller may maintain an action for the recovery of the purchase price. It is not alleged that the contract price was payable on a day certain irrespective of delivery or transfer of title and, therefore, the action is not authorized under subdivision 2 of section 144. Subdivision 3 of that section confers limited authority in cases where title has not passed to the buyer to bring an action for the purchase price as distinguished from one for damages; but such an action is only authorized thereby if the goods cannot be readily resold

for a reasonable price and if none of the provisions of section 145 are applicable and when, in such case, the buyer refuses to receive the goods on tender of delivery by the seller, and in those events the seller may notify the buyer that he holds the goods as his bailee and may then treat the goods as the property of the buyer and sue for the purchase price. Section 145 is not applicable. It relates only to the measure of damages in an action against a buyer for *damages* for wrongful neglect or refusal to accept and pay for goods. Two facts essential to authorize an action for the purchase price under said subdivision 3 of section 144 are not shown. They are that the goods cannot readily be resold for a reasonable price and that the seller has notified the buyer that he holds the goods as bailee for him. The sufficiency of the complaint, therefore, depends upon whether the facts stated show that the title to the goods has passed to the buyer so that the action may be maintained under subdivision 1 of section 144. Section 134 affords an unpaid seller certain other remedies, but it does not relate to an action for the purchase price. Section 98 provides that where the contract is for the sale of unascertained goods, no title passes until the goods are ascertained. Section 99 provides that where the contract is to sell specific or ascertained goods, title passes at such time as the parties intended and this is to be determined from the contract, the conduct of the parties thereunder, the usages of the trade and the circumstances of the case. Section 100 prescribes certain rules for ascertaining the intention of the parties with respect to the passing of title where the contract does not otherwise provide. Rule 1 of that section provides that where there is an unconditional contract to sell " specific goods, in a deliverable state," title passes when the contract is made. That rule is of no avail to the plaintiff for it is not alleged that the sale was of specific goods in a deliverable state. The goods were to be imported and if they did not arrive, the plaintiff was to be under no obligation to deliver them to the buyer. It is alleged in effect that they were to be in cases containing a specified number of pounds each; but no particular cases are in any manner identified. Subdivision 1 of rule 4 of section 100 provides, among other things, that where the contract is " to sell unascertained or future goods by description,

and goods of that description and in a deliverable state are unconditionally appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer," and that such assent may be expressed or implied and may be given before or after the goods are appropriated to the contract. There are other provisions in the rules under section 100 relating to cases where the goods are delivered to the buyer or to a carrier or other bailee *for transmission to or to hold for the buyer* and providing that in such a case the seller is presumed to have unconditionally appropriated the goods to the contract by so delivering them unless the seller reserves the right of possession or property when the goods are shipped or unless the seller is to deliver the goods *to the buyer or at a particular place or to pay transportation charges,* in which event title does not pass until the goods have reached the buyer or the place agreed upon or until the conditions specified in the reservation have been fulfilled. Manifestly, none of those provisions is in point for the essential facts to render them applicable are not alleged. It is equally plain, I think, that the facts do not show that goods in a deliverable state have been unconditionally appropriated to the contract either by the seller with the assent of the buyer or by the buyer with the assent of the seller within the purview of said subdivision 1 of rule 4 of section 100. The goods are in no manner identified by the facts alleged. If the buyer paid for them, he would neither obtain title to nor could he claim any particular goods. Counsel for the respondent argues that the goods were packed in cases identified by certain marks or numbers and that six specified marked cases containing the undelivered goods were tendered to the defendant and are held for his account; but it is not so alleged. Since the statute was intended to change the common law, I am of opinion that it is important that pleaders should be required to abandon the common-law form of pleading in such cases and follow the statute, and where, as here, recovery for the purchase price of undelivered goods is sought, the facts showing that under the statute title has passed to the buyer should be alleged. (See *American Aniline Products, Inc.,* v. *Nagase & Co., Ltd.,* 187 App. Div. 555.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, with leave to plaintiff to amend on payment of the costs of the appeal and of the demurrer.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.