A. A. LEVY Co., INC., Respondent, *v.* COLUMBIA OVERSEAS CORPORATION, Appellant. (Action No. 2.)

First Department, July 14, 1922.

Sales — action for goods sold and delivered — complaint stating cause of action not rendered insufficient by subsequent allegation that plaintiff was holding goods as bailee — in action for purchase price, based on refusal of buyer to take goods when tendered, failure to allege acts in order stated in Personal Property Law, § 144, subd. 3, does not make complaint insufficient — res judicata — prior action for price of one installment of goods delivered and accepted and for breach of contract for refusal to accept subsequent installment — action severed with leave to bring new action for subsequent installment — judgment in prior action not bar to new action.

In an action to recover the purchase price of goods delivered and accepted in which the complaint sufficiently alleges that the property in the goods had passed to the buyer and that the latter wrongfully neglected or refused to pay for them according to the terms of the contract, an allegation in a subsequent paragraph that the plaintiff notified the defendant that the merchandise was being held by the plaintiff as bailee, may be treated as surplusage and will not render the complaint insufficient.

Statement of a cause of action under section 144, subdivision 3, of the Personal Property Law, based on the tender of goods to the buyer which cannot be readily resold, and the refusal of the buyer to accept them and notification that the goods are thereafter held by the seller as bailee, is not insufficient because the plaintiff fails to allege the sequence of events as outlined in said subdivision, and so an allegation that the plaintiff notified the defendant that the goods were ready for delivery and that they were being held by the plaintiff as bailee for the defendant, and that the plaintiff duly demanded that the defendant remove the goods and pay the price, but that the defendant refused, states a good cause of action.

In a prior action the plaintiff sued to recover the purchase price of one installment of goods which had been delivered and accepted by the defendant and also for the balance of the goods which were not accepted. Upon the trial the court granted the plaintiff's motion to sever with leave to bring a new action for a subsequent installment. Thereafter the present action was brought.

*Held,* that the judgment in the prior action for goods delivered and accepted under the contract was not a bar to the present action which is to recover for a breach of the contract based on the refusal of the defendant to accept a subsequent installment.

Furthermore, the plaintiff attempted in good faith to try out in the first action all of the demands presented in this action but was unable to do so for failure properly to plead all his causes of action and the court in that action expressly permitted him to bring another action upon those demands and, therefore, he does not come within the condemnation of the policy of the law against the bringing of vexatious suits.

APPEAL by the defendant, Columbia Overseas Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of April, 1922, granting plaintiff's motion to strike from the defendant's answer two defenses which were pleaded in bar to a recovery.

*Abraham Benedict* of counsel [*Saul S. Myers* with him on the brief], for the appellant.

*Ralph H. Blum,* for the respondent.

GREENBAUM, J.:

The pleadings and affidavits show that prior to bringing this action (which we will call action No. 2) an action had been brought by the plaintiff (to be called action No. 1) and that both actions arose out of the same contract. That contract was for the sale and delivery of certain goods known as striped webbings and ball-bearing fittings, to be shipped in three equal installments and which was supplemented by an additional order. The first installment had been delivered and paid for.

In action No. 1 plaintiff sued for the recovery of the price of the second installment as goods sold and delivered to and accepted by the defendant and also for the balance of the goods which were not accepted.

Upon the trial of action No. 1 the defendant objected to evidence in respect of the third installment upon the ground that the plaintiff had not alleged the special facts necessary to entitle it to recover under the Sales of Goods Act, being the Personal Property Law (§ 144, subd. 3, as added by Laws of 1911, chap. 571). The objection was sustained, following the decision of this court in *Robison & Co., Inc.,* v. *Kram, No. 1* (195 App. Div. 873).

The trial proceeded as to the second installment and plaintiff obtained a verdict. The plaintiff had moved in open court (1) for leave to amend its complaint to conform to the requirements of the Sales of Goods Act; (2) to sever the action in respect of the

third installment; (3) for a new trial of the action in respect of that installment. The court denied the motion to amend and for a new trial but granted the motion to sever with leave to the plaintiff to begin a new action for the third installment. Thereafter this action (No. 2) was brought. On March 31, 1922, this court affirmed the order granting leave to the plaintiff to sever and sue over. (*Levy Co., Inc.*, v. *Columbia Overseas Corp.*, 201 App. Div. 849.) There are two counts in the complaint in this action.

The defenses are predicated upon the theory that the contract was single and indivisible although deliverable in installments and that two actions arising out of the breach of the same contract cannot be maintained where neither action had been begun until after the defendant's default in respect of the third installment.

The defendant has also availed itself of the rule that an attack upon the sufficiency of an answer permits it to search the record and seize upon the first fault in pleading, and it has accordingly attacked the complaint upon the ground of insufficiency.

It is urged that the first cause of action does not conform to section 144, subdivision 1, of the Personal Property Law (as added by Laws of 1911, chap. 571), also known as the Sales of Goods Act. It seems to us that the facts alleged sufficiently show that the property in the goods had passed to the buyer and that the latter wrongfully neglected or refused to pay for them according to the terms of the contract and that hence under subdivision 1 of section 144 the seller in such a case may maintain an action for the purchase price of the goods. The defendant argues that an allegation in a subsequent paragraph in the cause of action that the plaintiff notified the defendant that the merchandise was being held by the plaintiff as bailee for the defendant indicates that the property had not passed although facts are alleged in a preceding paragraph that the property had passed. The allegation as to being a bailee was wholly unnecessary and may be treated as surplusage.

The second cause of action it is insisted is insufficient for the reason that the allegations thereof do not conform to subdivision 3 of section 144. Subdivision 3 provides as follows: " Although the property in the goods has not passed, if they cannot readily be resold for a reasonable price, and if the provisions of section one hundred and forty-five are not applicable, the seller may offer to deliver the goods to the buyer, and if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer. Thereafter the seller may treat the goods as the buyer's and may maintain an action for the price."

It is to be noted that subdivision 3 provides that after offer to deliver the goods and refusal of the buyer to receive them the

seller may notify the buyer that they will thereafter be held by the seller as bailee for the buyer.

The cause of action as pleaded is that plaintiff notified the defendant that the goods were ready for delivery as required by the agreement and that they were being held by the plaintiff as bailee for the defendant and for its account and subject to its order, and that plaintiff duly demanded that defendant remove the merchandise from plaintiff's place of business and pay to the plaintiff the price which it was agreed the defendant should pay therefor, but that the defendant had refused to remove said merchandise.

In other words, the sequence of events is not alleged as outlined in subdivision 3. But it is quite apparent that the defendant was fully apprised by the pleading of what plaintiff meant and was not misled as to the precise claim asserted, albeit somewhat clumsily expressed.

The complaint being in our opinion sufficient in law, we will consider the sufficiency of the defenses.

Defendant relies upon the rule expressed in *Kennedy* v. *City of New York* (196 N. Y. 19, 22) as follows: " In this jurisdiction it is the rule, settled by long acquiescence, that where several sums or installments are due upon a single contract, they must all be united in cne action; and if several suits are brought upon such an indivisible contract, for separate installments after all are due, a recovery upon one will be a bar as to the others. The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice." (Citing *Pakas* v. *Hollingshead*, 184 N. Y. 211, 216, and *Secor* v. *Sturgis*, 16 id. 548, 554.)

In the case at bar the causes of action in action No. 1 consisted of a claim for goods sold and delivered and accepted in performance of the contract by both parties, excepting only the failure on the part of the buyer to pay and for the breach of the same contract on the part of defendant in refusing to accept delivery of the remaining installments provided for thereunder.

The rules applicable to the facts presented upon this appeal are considered in the well-reasoned opinion of *Perry* v. *Dickerson* (85 N. Y. 345), which distinguished *Guernsey* v. *Carver* (8 Wend. 492); *Stevens* v. *Lockwood* (13 id. 646) and *Bendernagle* v. *Cocks* (19 id. 207) and questioned *Colvin* v. *Corwin* (15 id. 557).

The court in the *Perry* case (at p. 352) stated that the bare fact that different causes of action spring out of the same contract does not *ipso facto* render " a judgment on one a bar to a suit on

**678** Levy Co., Inc., *v.* Columbia Overseas Corp. No. 2.

First Department, July, 1922. [Vol. 202

another, however distinct they may be, or however dissimilar the breaches, in their nature or origin." And at page 347 it was said: " To sustain the plea of a former judgment in bar of a second action, it must appear that the cause of action in both suits is the same, or that some fact essential to the maintenance of the second action was in issue and determined in the first action adversely to the plaintiff. * * * There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of a contract."

It may be observed that the opinion in *Pakas* v. *Hollingshead* (*supra*) apparently overlooked the criticisms made at pages 348, 352, in *Perry* v. *Dickerson* (*supra*), of *Bendernagle* v. *Cocks* (*supra*).

The causes of action set out in the complaint are different from the cause of action for goods sold and delivered upon which the judgment in action No. 1 was rendered, and hence the judgment in that action is not a bar to the maintenance of the present action.

But there is an additional reason for holding that the judgment in action No. 1 is not a bar to this action.

The plaintiff unsuccessfully attempted to include in action No. 1 the causes of action set forth in the complaint now before us and the trial court granted an order, affirmed on appeal by this court, permitting the plaintiff to bring this action.

The underlying reason which has prompted the courts to forbid the splitting up of a single or entire cause of action in parts was to prevent vexatious or oppressive litigation. Where, however, as here, the plaintiff attempted in good faith to try out in action No. 1 all of his demands arising out of the same contract, but was unable to do so for failure properly to plead all of his causes of action, and where the court has expressly permitted him to bring another action upon those demands, he does not come within the condemnation of the policy of law against the bringing of vexatious suits and hence is entitled to maintain this action.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Dowling and Smith, JJ., concur.

Laughlin, J. (concurring):

As stated by Mr. Justice Greenbaum, the contract which is the basis of this action and upon which the former action was brought, was for the sale of striped webbings and ball-bearing fittings to be delivered in three equal installments. The first installment was delivered and paid for; and by the first count of the former action the plaintiff sought under general allegations

Levy Co., Inc., *v.* Columbia Overseas Corp. No. 2. **679**

App. Div. 674]        First Department, July, 1922.

to recover the purchase price of goods sold and delivered and the amount claimed thereunder equalled the purchase price of the goods covered by both the second and third installments, but it was not alleged that the goods there sued for were delivered in separate installments. The evidence presented and offered by the plaintiff on that trial in support of the first count of the complaint showed the delivery of the *second* installment, but that the third installment was not actually delivered, and on the contrary was retained by the seller under an arrangement by which he was to hold the goods for the buyer. On the authority of our decision in *Robison & Co., Inc., v. Kram, No. 1* (195 App. Div. 873) the court excluded all evidence with regard to the *third* installment on the ground that it was inadmissible under the complaint, and that the plaintiff should have alleged the special facts showing that title passed without the actual delivery of the goods. Counsel for the plaintiff thereupon moved to amend the complaint in this respect. The defendant objected and the motion was denied. The plaintiff acquiesced therein and proceeded with the trial and recovered a verdict on that part of the first count which related to the goods that were actually delivered. Plaintiff then, before the entry of judgment, moved to sever the action as to the third installment, and for a new trial with respect thereto. The court granted an order of severance which also authorized the plaintiff to maintain a separate action for the third installment. The defendant appealed from that order and this court affirmed it without opinion. (*Levy Co., Inc., v. Columbia Overseas Corp.*, 201 App. Div. 849.) The plaintiff then brought this action on two counts, both of which relate to the said third installment. The first is to recover $2,497.50 *damages* for the failure of the plaintiff to remove and pay for part of the goods known as striped webbing pursuant to the provisions of a modification of the agreement by which the plaintiff was to hold the goods for the account of the defendant, and the other was to recover as *damages* the sum of $5,141.25, which was the agreed purchase price of all the goods embraced in the third installment. The theory of that count was that no place of delivery was specified and that the plaintiff marked and set the goods apart at its place of business and notified the defendant that they were held for its account and as bailees for it, and that defendant failed on due demand to remove and pay for the goods, which could not be readily sold for a reasonable price. By section 124 of the Personal Property Law (as added by Laws of 1911, chap. 571) where, as here, no place of delivery is specified, but the goods are at the seller's place of business, delivery is required to be made there; and on the allegations of the complaint

it was the duty of the defendant to call for, take and pay for the goods, and on the allegations of the complaint an action to recover the purchase price could be sustained under section 144, subdivisions 1 and 3, or to recover damages under section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571). That these two counts in this action relate to the same goods is further evident from the fact that the demand for judgment is only for the amount claimed in the second count.

The defendant pleaded in bar of each count the judgment recovered in the other action, and its learned counsel contends that the plaintiff was obliged at his peril to embrace in that action all his claims which had then accrued in so far as they were predicated on the contract of sale. Whatever cause of action the plaintiff had with respect to the third installment of the goods accrued prior to the time the other action was brought; and it is quite evident that the causes of action claimed by the plaintiff with respect thereto as shown by its complaint here are predicated on the same contract, as modified, on which action, unaffected by the modification, in the former action it recovered for the second installment. The appellant contends, under the general rule that it is incumbent on a party to embrace all accrued claims for recovery on a single contract in a single action at the risk of forfeiting all such claims not so included (*Brinn* v. *Hindlemann, Inc.*, 199 App. Div. 329; *Pakas* v. *Hollingshead*, 184 N. Y. 211, 214; *Seed* v. *Johnston*, 63 App. Div. 340, 343; *Royal Live Fish Co.* v. *Central Fish Co.*, 159 id. 151, 154; *Silberstein* v. *Begun*, 232 N. Y. 319; *Colburn* v. *Woodworth*, 31 Barb. 381, 384; *Fish* v. *Folley*, 6 Hill, 54; *Trustees of Presbytery of New York* v. *Westminster Presbyterian Church*, 223 N. Y. 586; *Bracken* v. *Atlantic Trust Co.*, 36 App. Div. 67; 42 id. 621; affd., 167 N. Y. 510; *Samuel* v. *Fidelity & Casualty Co.*, 76 Hun, 308; affd., 150 N. Y. 583; *Goodman* v. *Pocock*, 15 Ad. & Ell. [N. S.] 576), that this action is barred by the judgment in the former action.

I am of opinion, however, that the defendant's pleas are met and overcome by the order of severance, made by the court in the interests of justice under the broad provisions of section 96 of the Civil Practice Act, for that order is an adjudication made by the court and affirmed here and cannot be questioned collaterally. (*Lorillard* v. *Clyde*, 122 N. Y. 41. See, also, *Lorillard* v. *Clyde*, 102 id. 59, 64.)

I, therefore, vote to affirm the order.

CLARKE, P. J., concurs.

Order affirmed, with ten dollars costs and disbursements.