OPINION OF THE COURT
Richard F. Braun, J.
These are two summary proceedings brought pursuant to RPAPL 711 in the commercial landlord and tenant part of this court. The first proceeding is a holdover proceeding and the second is a proceeding for nonpayment of rent. The attorneys for the parties agreed by stipulation that the proceedings are to be jointly tried.
Respondent undertenant Thea Anema (Anema) has moved to dismiss the petition in the holdover proceeding against her. Petitioners cross-moved to deem respondent Anema’s motion a motion for summary judgment, and grant summary judgment to petitioners against respondent Anema; or, in the alternative, summarily determine, pursuant to CPLR 409 (b), that respondent Anema is not entitled to continued occupancy of the subject premises. In both proceedings, petitioners then cross-moved to dismiss certain aflirmative defenses, grant partial summary judgment dismissing certain counterclaims, and deem the petitions amended. The part of the motion of petitioners to deem the petitions amended was denied by this court from the Bench due to the failure of petitioners to attach a proposed amended petition to their moving papers. (See, Goldner Trucking Corp. v Stoll Packing Corp., 12 AD2d 639, 640 [2d Dept 1960]; Hoisting Mach. Co. v Elderfields Reservation, 195 App Div 873 [1st Dept 1921]; Plitt v Illinois Sur. Co., 165 App Div 973 [1st Dept 1914].) Respondents tenants in both proceedings then cross-moved for summary judgment dismissing the petitions and finding petitioners liable on certain counterclaims. After this court had denied petitioners’ cross motion to deem the petitions amended, petitioners cross-moved for leave to amend the petitions in both proceedings.
The subject premises are in a loft building located at 265 West 37th Street, Manhattan. Respondents are tenants and undertenants of two loft units in the subject building, of which *353 petitioners are the owners and landlords. As is the case with many other loft buildings and units, the subject building has had a long and extremely tortured history of litigation in court and before the New York City Loft Board (the Loft Board).
Multiple Dwelling Law article 7-C (the Loft Law) became effective on June 21, 1982. The law was an attempt to create some order to the morass of landlord and tenant dispute resolution for lofts by creating a system for legalization of interim multiple dwellings, which are loft buildings converted to residential use from their former commercial or manufacturing use without complying with local building, housing maintenance, fire, and health codes. (See, Multiple Dwelling Law §§ 280, 281.) Only certain lofts were covered by the Loft Law, pursuant to Multiple Dwelling Law § 281. In 1987, additional loft buildings were added to the protections of the Loft Law, including the subject building, pursuant to Multiple Dwelling Law § 281 (4). Challenges to the validity of Multiple Dwelling Law § 281 (4) have been rejected. (City of New York v Lower Manhattan Loft Tenants, NYLJ, Nov. 21, 1989, at 21, col 5 [Sup Ct, NY County], affd sub nom. City of New York v State of New York, 171 AD2d 629 [1st Dept], appeal dismissed 78 NY2d 951 [1991]; Oelbermann Assocs. Ltd. Partnership v Borov, 141 Misc 2d 838 [Civ Ct, NY County 1988].)
The subject building was registered by petitioners with the Loft Board as an interim multiple dwelling (IMD) pursuant to Multiple Dwelling Law § 281 without prejudice to petitioners’ right to contest before the Loft Board whether the subject building was really an IMD. (See, NY City Loft Bd Regs, § J [2] [A] [4].) After petitioners and respondents conducted certain discovery, pursuant to this court’s earlier decision and order, and after respondent Anema moved to dismiss, petitioners admitted in their first set of cross-moving papers that the subject building is an IMD.
Respondent Anema argues that the petition against her should be dismissed because it fails to state a cause of action, due to its failure to comply with 22 NYCRR 208.42 (g), which provides, in pertinent part:
"In every summary proceeding brought to recover possession of real property pursuant to section 711 of the Real Property Actions and Proceedings Law, the petitioner shall allege either:
"(1) that the premises are not a multiple dwelling; or
*354 "(2) that the premises are a multiple dwelling”. (Emphasis added.)
Paragraph 8 of the petition states, in part: "the subject premises being either commercial in nature or an interim multiple dwelling.” (Emphasis added.)
A multiple dwelling is "a dwelling which is either rented, leased, let, or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other.” (Multiple Dwelling Law § 4 [7].) An interim multiple dwelling is defined by Multiple Dwelling Law § 281 (1) as, inter alla, "the residence or home of any three or more families living independently of one another.” It is termed "interim” because pursuant to Multiple Dwelling Law § 284 (1), there are certain steps that a loft building owner must take within a limited period of time to convert the residential part of the building to a class A multiple dwelling. A class A multiple dwelling is defined by Multiple Dwelling Law § 4 (8) (a) as "a multiple dwelling which is occupied, as a rule, for permanent residence purposes.”
Petitioners do not comply with 22 NYCRR 208.42 (g). Petitioners’ allegation that the subject premises are "either commercial in nature or an interim multiple dwelling” does not state whether or not the premises is a multiple dwelling. It says that it may be either. Petitioners cannot have it both ways. The pleading rule requires a choice, which petitioners have not made. Thus, the petition in the holdover proceeding is dismissed without prejudice as to respondent Anema.
For the same reason, the petition in the holdover proceeding is dismissed against all respondents therein. The other arguments for dismissal by respondent Anema will not be addressed. The court denies as academic petitioners’ first cross motion to deem the motion of respondent Anema a motion for summary judgment, or to issue a summary determination as to said respondent.
By order on a motion prior to the instant cross motions, this court had given petitioners leave to amend their petition in the summary proceeding for nonpayment of rent. Paragraph 11 of that amended petition alleges in part: "the subject premises are either commercial in nature and rented for business purposes; or the subject premises are located in a building which may be an Interim Multiple Dwelling pursuant to Multiple Dwelling Law Article 7-C.” (Emphasis added.) Again, for the reasons stated above, this allegation of the *355 amended petition violates 22 NYCRR 208.42 (g), and the amended petition is dismissed. The amended petition in the summary proceeding for nonpayment of rent is dismissed as to respondent Irving Hall (Hall) for a further reason.
Multiple Dwelling Law § 284 (1) (i) provides, in pertinent part: "The owner of an interim multiple dwelling (A) shall file an alteration application within nine months from the effective date of the act which added this article, and (B) shall take all reasonable and necessary action to obtain an approved alteration permit within twelve months from such effective date, and (C) shall achieve compliance with the standards of safety and fire protection set forth in article seven-B of this chapter for the residential portions of the building within eighteen months from obtaining such alteration permit or eighteen months from such effective date, whichever is later, and (D) shall take all reasonable and necessary action to obtain a certificate of occupancy as a class A multiple dwelling for the residential portions of the building or structure within thirty-six months from such effective date.” Petitioners admittedly have taken no steps to comply with these provisions. Petitioners argue that any attempts by them would have been futile because the City of New York has not amended the Zoning Regulation to permit residential use in the subject manufacturing (Ml-6) zone, and because there are no standards and timetables for legalization of the subject building. Petitioners, in essence, blame the New York State Legislature for enacting what petitioners contend is an incomplete law and the City of New York for not acting to implement the law. These arguments of petitioners must fail.
In order to maintain a summary proceeding for nonpayment of rent, the owner of a building subject to the Loft Law must prove compliance with the legalization requirements set forth under Multiple Dwelling Law § 284 (1) (i). (County Dollar Corp. v Douglas, 161 AD2d 370, 371 [1st Dept 1990]; 902 Assocs. v Total Picture Creative Servs., 144 Misc 2d 316, 317 [App Term, 1st Dept 1989].) A reasonable attempt at compliance with Multiple Dwelling Law § 284 (1) (i) is insufficient. (County Dollar Corp. v Douglas, 161 AD2d, at 371.) If an owner does not prove compliance with Multiple Dwelling Law § 284 (1) (i), the owner is precluded from collecting rent by Multiple Dwelling Law § 325 (2) for failing to comply with multiple dwelling regulation requirements, and by Multiple Dwelling Law § 302 (1) (b) for failing to obtain a certificate of occupancy pursuant to Multiple Dwelling Law § 301. As long as an owner remains *356 in compliance with the Loft Law, the owner may collect rent and maintain a summary proceeding for nonpayment of rent, in spite of the owner’s violating Multiple Dwelling Law §§ 302 and/or 325. (See, Multiple Dwelling Law § 285 [1].)
At least during the pendency of its challenge in City of New York v Lower Manhattan Loft Tenants (supra) to the constitutionality of the 1987 amendments to the Loft Law, it appears that the City of New York took the position that it would not take steps to compel loft building landlords to proceed to legalize their buildings. The actions by the City of New York in not cooperating with landlords to implement the legalization process pursuant to the 1987 Loft Law amendments placed those landlords in a most unfortunate position, but it did not mean that petitioners had to, or legally could, sit back and do nothing. Petitioners could have moved to intervene in the aforesaid declaratory judgment action challenging the constitutionality of the 1987 Loft Law amendments, and sought appropriate relief from the court. Petitioners could have attempted to file the necessary papers with the New York City Department of Buildings and Loft Board in order to begin the compliance process, and, if their application was rejected, petitioners could have brought a CPLR article 78 proceeding to have the New York State Supreme Court review the City of New York’s actions, and/or mandate that the City of New York permit petitioners to take the required legalization steps. Petitioners likely would have prevailed in such a proceeding. (See, City of New York v Lower Manhattan Loft Tenants, NYLJ, Nov. 21, 1989, at 21, cols 5, 6 [Sup Ct, NY County] ["(T)o the extent that (the 1987 amendments are) in conflict with the zoning resolution or the Administrative Code, it is the obligation of the City to conform its enactments to state law and not vice-versa.”], affd for reasons stated by court below 171 AD2d 629 [1st Dept 1991], supra.) Petitioners could have applied to the Loft Board for an extension of the compliance time period, pursuant to Multiple Dwelling Law § 284 (1) (i). Petitioners could have filed a hardship application with the Loft Board to exempt all or a portion of the building from the compliance requirement of obtaining a residential certificate of occupancy therefor (a provision of the 1987 Loft Law amendments gave a specific right to make such an application within nine months of the effective date thereof; see, Multiple Dwelling Law § 285 [2]). Yet, petitioners took none of these actions.
Contrary to petitioners’ assertion, the Loft Law does provide *357 a timetable for compliance by petitioners and other landlords whose buildings are covered by the 1987 amendments. Although the 1987 amendments do not contain a specific timetable, the Supreme Court and Appellate Division, First Department, have already held that "the City has failed to demonstrate that [the 1987 amendments to the Loft Law] cannot be made to function in 'a practical manner’ by 'reasonable construction’ (Lane v. Johnson, 283 NY 244, 257).” (City of New York v Lower Manhattan Loft Tenants, supra, at 22, col 1.) McKinney’s Cons Laws of NY, Book 1, Statutes § 192 provides, in relevant part: "In accordance with general rules of statutory construction, amendments and the original statute will be construed together, and it is frequently said that an original act, with all its amendments, must be viewed as one law passed at the same time.” Since the timetable for legalization under the original Loft Law, effective June 21, 1982, had already passed by the time of the 1987 amendments, the Legislature could only have meant that the timetable provisions of Multiple Dwelling Law § 284 (1) (i) ("from the effective date” and "from such effective date”) ran for the 1987 amendments from the effective date of the amendments, which was July 27, 1987. Logical statutory interpretation compels that result to effectuate the purposes of the 1987 amendments which included bringing the loft buildings added by those amendments up to code, and providing some clarity to the rights and obligations of both the landlords and tenants of those buildings. (See, New York State Bankers Assn. v Albright, 38 NY2d 430, 436-437 [1975].) Finally, the portion of the 1987 amendments which pertains to hardship applications pursuant to Multiple Dwelling Law § 285 (2) indicates the intent of the Legislature that the timetable provisions of Multiple Dwelling Law § 284 (1) (i) should run from the effective date of the amendments.
Therefore, due to the failure of petitioners to comply with the legalization requirements of Multiple Dwelling Law § 284 (1) (i) as to respondent Irving Hall, he is granted summary judgment dismissing the summary proceeding for nonpayment of rent against him.
As to respondent Larissa Jarzombek (Jarzombek), there is a further ground for dismissal of part of the holdover proceeding. Petitioners concede that the southeasterly portion of the subject premises rented to respondent Jarzombek is covered by the Loft Law, and thus that such portion is part of the IMD at the subject building. Petitioners do not make such *358 concession as to the balance of the premises rented to said respondent. The first cause of action in the holdover proceeding against said respondent is that she has held over in the subject premises after her lease therefor expired on December 31, 1988. A tenant or undertenant covered by the Loft Law is not subject to eviction merely because the term of his or her lease has expired. (873 Broadway Assocs. v Bronfman, NYLJ, Apr. 24, 1991, at 21, col 1 [App Term, 1st Dept]; Dworkin v Duncan, 116 Misc 2d 853, 855 [Civ Ct, NY County 1982].) Therefore, summary judgment is granted to respondent Jarzombek dismissing so much of the first cause of action of the holdover proceeding as seeks possession thereof against her based on the expiration of her lease.
Petitioners’ motion to dismiss the fifth counterclaim of respondent Hall and the fourth counterclaim of respondent Jarzombek is denied. Said respondents’ motion for summary judgment awarding them a finding of liability against petitioners on the counterclaims is also denied. The counterclaims seek a recovery of rent paid by said respondents to petitioners because petitioners did not have a residential certificate of occupancy for the subject building during the period when the rent was paid. The theory of recovery is based on Multiple Dwelling Law §§ 301 and 302 (1) (b). The Appellate Term, First Department, has held that rents cannot be recovered by tenants where the rents were voluntarily paid during the period of legalization of loft units. (873 Broadway Assocs. v Smokler, NYLJ, Sept. 19, 1991, at 24, col 1; Goho Equities v Weiss, NYLJ, May 3, 1991, at 26, col 5; contra, Boehm v Duriv Realty Corp., NYLJ, Feb. 14, 1991, at 22, col 1 [Sup Ct, NY County]; Country Life Apts. v Levi, index No. 26514/85, Sup Ct, NY County, Dec. 10, 1987, Edwards, J., affd without opn 146 AD2d 973 [1st Dept 1989].)
Those holdings of the Appellate Term are distinguishable under the circumstances found here. First, petitioners have not begun the legalization process for the subject loft building. Second, there is a question of fact on these cross motions for summary judgment as to whether some of the rent sought to be recovered is for a period before the 1987 amendments to the Loft Law. That period is not controlled by the two Appellate Term holdings because they concerned lofts units covered by the Loft Law. Justice McCooe in his dissent in Goho Equities v Weiss (supra) gives a well-reasoned analysis of why Multiple Dwelling Law § 302 should be construed to permit a recovery by tenants of rent paid during the period in which *359 there is no certificate of occupancy, even though the statute does not specifically provide for such a recovery. A determination as to whether such a recovery is justified here at least for a period before the 1987 amendments to the Loft Law cannot be made from the motion papers and the pleadings alone (the answers do not specify the exact time period for which recovery is sought), and thus the counterclaims must await a trial in these proceedings.
The balance of petitioners’ motions is denied as academic. The cross claims and the counterclaims of respondents are severed.